**VARI–O–MATIC MACHINE CORPORATION, Plaintiff,**

v.

**NEW YORK SEWING MACHINE AT-TACHMENT CORPORATION, Defendant.**

No. 82 Civ. 5982 (RLC).

United States District Court, S.D. New York.

Jan. 28, 1986.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for plaintiff; Rogers Hoge & Hills, Arthur A. March, New York City, of counsel.

Fiddler & Levine, New York City, for defendant; Robert W. Fiddler, of counsel.

ROBERT L. CARTER, District Judge.

This case, an action for patent infringement, commenced with the filing of the lawsuit on September 8, 1982. Defendant filed an answer and a counterclaim on October 8, 1982, to which plaintiff filed a reply on October 29, 1982. On March 25, 1983, a status conference was held resulting in an order that discovery be completed by July 29, 1983, and that the joint pretrial order be filed on August 12, 1983.

As is the court's practice at such conferences, the parties were informed that the

case would be called for trial as soon after the pretrial order was filed as the court's schedule permitted. They were advised that when the court scheduled the case for trial, the parties would be so advised three weeks to one month before the case would be called, and that a list of the cases to be called during the scheduled period would be published in the *New York Law Journal* ("NYLJ"). The parties were informed that the cases would be reached and called for trial in the order listed in the NYLJ; that they should follow the NYLJ and stay in contact with the court's deputy court clerk and that when their case was reached for trial, they might be required to go to trial on 24 hours notice by telephone.

As is not unusual, the parties requested and received extensions of time in completing pretrial proceedings and received a final extension to December 2, 1983, to file the pretrial order. The pretrial order was actually filed on December 5, 1983. Two motions to compel answers were filed in November and denied on December 6, 1983. Defendant filed a motion for reargument on December 19, 1983. That motion was denied on February 8, 1984.

On April 27, 1984, ready calendar notices were mailed to the parties in this case advising them that the case would be reached for trial on or about May 14, 1984, and thereafter. On May 11, 1984, both sides advised the court that the case was settled and the stipulation of settlement would be filed with the court within ten days. On May 31, 1984, no stipulation of settlement having been filed and the case having been reached for trial, the parties were advised that the case would be called for trial on June 4, 1984. On that date neither party appeared and on June 5, 1984, an order reciting that the attorneys had advised the court that the case had been settled and that no one appeared for trial on the call of the case, and dismissing the case with prejudice was filed. On June 11, 1984, a letter from plaintiff to the court requested that the dismissal be without prejudice. The order was so modified, and both sides were so advised.

On August 24, 1984, plaintiff moved to set aside the order of dismissal and return the action to the court calendar, alleging that the parties had reached an impasse in their settlement negotiations. During the pendency of that motion—to which defendant did not respond—both sides advised the court by telephone that negotiations were continuing and requested the court to delay consideration of the pending motion to allow the parties sufficient time to dispose of the case. In September, 1984, counsel for defendant informed the court that settlement had been reached.

Inadvertently, the pending motion was not disposed of, and it was not until on or about January 15, 1985, that the August, 1984 motion to restore the case to the calendar surfaced. In light of the above cited representations, the court was confident that the case was no longer active and that disposing of the motion would be a mere formality. However, to be certain, inquiry was made by the court's deputy of the parties, and the court was advised that the case had been settled. Accordingly, on January 15, 1985, the motion to restore the case to the calendar was dismissed as moot. Plaintiff now moves to enforce the settlement. Defendant claims in opposition that no settlement was ever consummated.

**Determination**

██ A court has the inherent power, and indeed the duty, to enforce a settlement in a case pending before it. *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir.1974); *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir.1983); *Dankese v. Defense Logistics Agency*, 693 F.2d 13, 16 (1st Cir.1982); *Wiltgen v. Hartford Accident and Indemnity Co.*, 634 F.2d 398, 400 (8th Cir.1980); *see also In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975*, 687 F.2d 626, 629 (2d Cir.1982) ("district court erred in not reducing the award of costs to reflect the [settlement] agreement that claims of certain plaintiffs were settled 'without costs' ").

██ In this case the court issued two orders (in June, 1984 and in January, 1985)

 

upon the representation of the parties that settlement had been reached and that a stipulation of settlement would be filed forthwith. Failure to complete the formal stipulation papers does not mean that a settlement was not in fact reached. *International Telemeter Corp. v. Teleprompter Corp.*, 592 F.2d 49, 55 (2d Cir.1979); *Autera v. Robinson*, 419 F.2d 1197, 1198 n. 1 (D.C.Cir.1969). As the Ninth Circuit stated in *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir.1978), "a litigant can no more repudiate a compromise agreement than he could disown any other binding contractual relationship." *See also Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir. 1985). Where there is a factual dispute as to whether a settlement has been reached, an evidentiary hearing is required to resolve the issue. *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 390 (5th Cir. 1984); *Millner v. Norfolk & Western Ry. Co.*, 643 F.2d 1005, 1010 (4th Cir.1981); *Lee v. Hunt*, 631 F.2d 1171, 1177 (5th Cir.1980), *cert. denied sub nom. Hunt v. Hunt*, 454 U.S. 834, 102 S.Ct. 133, 70 L.Ed.2d 112 (1981). However, in this case since both parties made representations to the court that agreement had been reached, there can be no factual dispute that a settlement had been consummated, and the court is empowered summarily to require the parties to comply with their representations without holding a hearing.

The initial basis for the parties' representation to the court that settlement had been reached was the agreement reached in principle in June, 1984. The court orders that agreement enforced.

The motion for counsel fees is not without difficulty. Both parties share blame for the status of matters in this case. Plaintiff, in apparent eagerness to avoid the burden of trial, advised the court that the case was concluded before all the terms of the agreement were fixed. However, there is nothing to indicate that plaintiff was not proceeding in good faith.

When the order was issued dismissing the action on the basis of the representations of settlement, it was the defendant who began to back away from the agreement. Since no claim against it was pending (plaintiff's complaint had been dismissed), it apparently felt free to delay and frustrate resolution of the action. Meanwhile, it represented to the court at various times that the case was over and never advised the court that the orders issued in reliance on the parties' representations were in error. Under these circumstances, the court concludes that defendant has acted in bad faith in requiring plaintiff to file the instant motion. Accordingly, plaintiff is entitled to recover not only costs incident to the filing and prosecution of the motion but reasonable attorney's fees as well. Plaintiff is to submit to the court in due course a sworn, itemized statement with supporting data. Defendant may file papers in opposition.

IT IS SO ORDERED.