**VARI–O–MATIC MACHINE CORPORATION, Plaintiff,**

v.

**NEW YORK SEWING MACHINE AT-TACHMENT CORPORATION, Defendant.**

**No. 82 Civ. 5982 (RLC).**

United States District Court, S.D. New York.

June 12, 1986.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for plaintiff; Peter A. Kalat, of counsel.

Fiddler & Levine, New York City, for defendant; Robert W. Fiddler, of counsel.

ROBERT L. CARTER, District Judge.

Plaintiff seeks a total of $12,271.70 in fees and expenses: $10,488.50 in fees for Curtis, Mallet-Prevost, Colt & Mosle ("Curtis, Mallet"); $600 in fees for Arthur March of Rogers, Hoge & Hill and $1,183.20 in expenses in the prosecution of plaintiff's motion to enforce the settlement in this case. In disposing of the merits of this controversy in its January 28, 1986 memorandum opinion, 629 F.Supp. 257, the court found fault with the conduct of both sides, but concluded that defendant was more culpable and, therefore, that plaintiff was entitled to recover attorneys' fees.

■ While generally each party bears its own costs including attorneys' fees, *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), fee shifting becomes appropriate to compensate a litigant for legal fees he should never have been forced to incur. The purpose in such instance is one of deterrence. *See, e.g., Nemeroff v. Abelson,* 620 F.2d 339 (2d Cir.1980). The district court is granted wide discretion in determining the amount of a fee shifting award, and abuse of discretion is the standard for review. *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 828 (9th Cir.1986). However, the court must always consider the equities of the situation in determining the appropriate sanction to impose. *Colucci v. New York Times Co.,* 533 F.Supp. 1011, 1013 (S.D.N.Y.1982) (Weinfeld, J.).

■ The plaintiff's application indicates that five lawyers of Curtis, Mallet worked on the motion. Peter A. Kalat, a partner, a 1965 graduate of University of Virginia Law School, a member of the bar since 1966, did 24 hours of work and his regular hourly rate is $220 per hour; Mark H. O'Donoghue, a partner, a 1976 graduate of Harvard University Law School, and a member of the bar since 1978 spent ¾ hours on the matter and his hourly rate is $175 per hour. Diane da Cunha, an associate, a 1982 graduate of Columbia University Law School and a member of the bar since 1983 spent 45¾ hours on the motion and her hourly rate at the time varied between $100–$114 per hour. George A. Scholze, a managing attorney, a 1934 graduate of Fordham University Law School and a member of the bar since 1942 spent one hour on the motion and his hourly rate is $100 an hour, and Richard Conza, a managing attorney, a 1977 graduate of Oklahoma City University School of Law and a member of the bar since 1978 spent ½ hour on the case, and his hourly rate is $88 to $93 per hour.

The rates seem to accord with New York standards and the time spent is unremarkable. Nonetheless, from the court's viewpoint, transferring the total cost of some $12,000 from the plaintiff to the defendant seems unwarranted. Plaintiff could have avoided this problem, if it had initially submitted and obtained a fully executed agreement before advising the court to take the case off the trial calendar. Thus, while fee shifting is designed to prevent a recurrence of defendant's egregious conduct, plaintiff's conduct merits a reminder that in the future it should take adequate steps to insure that a stipulation of settlement is firmly in place before advising the court that a voluntary disposition has been reached alleviating the need for a trial. The circumstances of this case do not warrant relieving the plaintiff of all of the financial burdens incurred. Accordingly, while I have no question that $12,271.70 in attorneys' fees and expenses were incurred, the court awards plaintiff only $7,000 in attorneys' fees to be assessed against defendant and its counsel.

IT IS SO ORDERED.