W. D. KINSER, Administrator, Appellant, v. SOAP CREEK COAL COMPANY, Appellee.

Practice in Supreme Court: RECORD: NEW TRIAL: VERDICT CONTRARY TO THE EVIDENCE. The action of the district court in refusing to grant a new trial upon the ground that the verdict of the jury is contrary to the law and the evidence, will not be reviewed in the supreme court where the record does not purport to contain all of the evidence in the cause, though the opinion of the trial judge, finding that the verdict should have been for a larger sum, was incorporated in a bill of exceptions, and presented in the record in the supreme court.

*Appeal from Monroe District Court.*—HON. CHARLES D. LEGGETT, Judge.

WEDNESDAY, MAY 11, 1892.

THE plaintiff commenced this action as administrator to recover damages of the defendant for negligently causing the death of one Rollin Williams. There was a trial by jury, and a verdict and judgment for the plaintiff for three hundred dollars. The plaintiff appeals.—*Affirmed.*

*J. C. Mabry* and *Ed. Morrison*, for appellant.

*T. B. Perry* and *McElroy & Roberts*, for appellee.

ROTHROCK, J.—The appeal is presented to us upon an abstract of the pleadings, the charge given by the court to the jury, and the motion to set aside the verdict and for a new trial, and the ruling of the court thereon. No part of the evidence is abstracted, and no complaint is made of the charge to the jury, nor of any of the rulings of the court, except the overruling of the motion to set aside the verdict.

The motion for a new trial was grounded on the claim that the verdict was contrary to the evidence, and that it should have been for a much larger sum than three hundred dollars. It is true that there were some twelve different grounds in the motion for a new trial. Some of them attacked the instructions given by the court to the jury, and others were complaints against rulings of the court upon the admission and exclusion of evidence. But as it is not shown what the evidence offered and excluded was, nor what the evidence applicable to the instructions tended to prove, these last-named grounds of the motion are not relied upon in this court. There was another ground of the motion for a new trial, which was supported by two affidavits of jurors, setting forth some of the arguments among the jurors while they were deliberating upon their verdict, which it was claimed were improper. But as this ground of the motion was manifestly not well taken, the overruling of it is not assigned as error, and it demands no further consideration.

The sole question presented by the record is grounded on the claim that the verdict is contrary to the law and the evidence. The grounds for a motion for a new trial are to be found in section 2837 of the Code. There are eight causes for a new trial, and they are as follows:

"*First*, irregularity in the proceedings of the court, jury, referee or prevailing party, or any order of court or referee or abuse of discretion by which the party was prevented from having a fair trial; *second*, misconduct of the jury or prevailing party; *third*, accident or surprise which ordinary prudence could not have guarded against; *fourth*, excessive damages, appearing to have been given under the influence of passion or prejudice; *fifth*, error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property; *sixth*, that the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law; *seventh*, newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the time; *eighth*, error of law, occurring at the trial, excepted to by the party making the application."

It will be observed that, while there is an express provision authorizing a new trial where the damages are excessive, there is no express ground based upon the insufficiency of the damages awarded by the jury; and there is no statutory cause for a new trial in such cases, unless it is to be inferred from section 2839, which is as follows: "A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, where the damages equal the actual pecuniary injury sustained." It may properly be inferred from the language of this section that a new trial may be granted where the damages found by the jury are less than the actual pecuniary damage sustained. As the statute authorizes a motion for a new trial on the ground that the verdict of the jury is contrary to the evidence, the ruling on that motion is subject to review by appeal to this court. Our reports abound in cases in which it

is claimed that the trial court abused its discretion in refusing to grant a new trial for this cause; and so far as we are advised, the question has never been presented without a complete abstract of the evidence which was submitted to and passed upon by the jury. It has been thought that this was the only manner in which the question could be presented to this court. The present appeal is a new departure, and we are asked to determine that the court should have sustained the motion, without submitting the evidence to this court that it may determine for itself whether there was an abuse of discretion. We will now proceed to consider whether the record is in such condition that we may properly determine the question.

The motion for a new trial was taken under advisement by the court, and was determined in vacation. It was overruled, and at the same time the learned district judge who tried the cause filed a written opinion upon the question, which, so far as pertinent to the claim that this court should hold that the verdict is contrary to the evidence, is as follows:

"The plaintiff, W. D. Kinser, as administrator of Rollin Williams, deceased, obtained a verdict for three hundred dollars as damages for the death of Rollin Williams by the neglect or wrongful act of the defendant. The plaintiff moves for a new trial, because the damages allowed him are too small. The defendant resists the motion for a new trial, contending that under section 2839 of the Code a new trial cannot be granted in this action on account of the smallness of the damages. I felt at the time the verdict was returned, and still feel, that three hundred dollars is too small a sum to allow for the life of such a person as the deceased was shown to be by the evidence. He was about twenty years of age, strong, healthy, intelligent, industrious and saving. It has been urged that the sum allowed, if placed at interest, would amount

to as much at the expiration of the expectancy of deceased's life as the average man accumulates in his lifetime, and leaves as his estate. I do not take this view of the matter, and the amount of three hundred dollars seems to me to be totally inadequate as a compensation for the life of the deceased. And if the statutes permit, and it is my duty, in passing on this motion, to consider the question whether the amount allowed is too small, I shall unhesitatingly set aside the verdict and grant a new trial. It seems to me that the amount allowed by the jury cannot be their final and considerate expression of the real value of Rollin Williams' life. The amount must have been reached by a compromise of views among the jurors as to the responsibility of the defendant for his death. In some cases the amount allowed after such a contest is not satisfactory to any member of the jury, but it is agreed to as the best that can be done, in view of differences of opinion as to the right of the plaintiff to recover in any sum. The determination of this motion depends upon the construction to be given to section 2839 of the Code, which reads as follows: 'A new trial shall not be granted on account of the smallness of the damages in an action for an injury to the person or reputation, where the damages equal the actual pecuniary injury sustained.' If this is an action for an injury to the person, a new trial cannot be granted on account of the smallness of the damages, for no proof was made on the trial of any 'actual pecuniary damages sustained' by the estate of the deceased, aside from the loss of his life. At common law, and without a statute on the subject, a civil action for damages would not lie for an injury to the person which resulted in death. Our statutes provide as follows: All causes of action survive, and may be brought, notwithstanding the death of the person entitled to the same. Code, section 2525. When a wrongful act produces death,

the damages shall be disposed of as personal property belonging to the estate of the deceased. *Id.* section 2526. The action may be brought by the legal representatives of the deceased, or the court may allow it to be continued by them. It shall be deemed a continuing action, and to have accrued to such representative at the same time it did to the deceased, if he had survived. *Id.* section 2527. Our supreme court has held that an action by the husband and father for damages on account of the death of the wife and child by the wrongful act of a stage company was an action for an injury to the person, within the meaning of section 2740, clause 1, of the Revision of 1860, and was consequently barred after two years. *Sherman v. Stage Co.,* 22 Iowa, 556. Also an action by the administrator for damages on account of the death of his intestate was an action for an injury to the person, and would be barred after two years (*Sherman v. Stage Co., supra,* p. 515) by the same statute, which differs from the statute of limitations of the Code in phraseology. The measure of damages is different in a case which is brought originally by the person injured, and is prosecuted to judgment, after his death from the injury, by the administrator of his estate, from the measure where the action is originally brought by the administrator. In the first case the jury are authorized to allow damages for the bodily pain and mental anguish of the person injured. In the latter case no damages are allowed for the pain and suffering. *Muldowney v. Illinois C. Railroad Co.,* 36 Iowa, 462, 468; *Donaldson v. The Mississippi & M. Railroad Co.,* 18 Iowa, 280, 290. These cases were decided under the Revision of 1860, in which the provisions of section 2527 of the Code were not contained. If the deceased had survived the injury, and were prosecuting this action, there would be no question but that it would be an action for an injury to the person; and in view of our statute, which

declares that the action shall be deemed a continuing
one, and to have accrued to his administrator at the
same time it did to the deceased, I am of the opinion
that this action, although originally begun by the
administrator, and not by the deceased, is an action
for an injury to the person, within the meaning of
section 2839 of the Code, notwithstanding the measure
of damages is somewhat different from what it would
have been if the deceased were alive and were prose-
cuting it himself.    There is much force in the argu-
ment, which is ably and earnestly presented by the
plaintiff's attorneys, that the reason for the rule in
section 2839 is the difficulty of estimating such damages
as should be allowed for pain and suffering.    And this
consideration has caused some hesitation before reach
ing the conclusion I have stated.    But I have not
deemed it of sufficient weight, or based upon authority
sufficiently clear, to authorize me to hold against the
provision of section 2527, and the definition given by
the supreme court to the same words in the statute of
limitations in the *Sherman Cases*.    Under the statute
forbidding the court to give a new trial in this action
on account of the smallness of damages, I am com-
pelled to overrule the motion for a new trial, notwith-
standing the view I have taken and expressed as to the
amount which was allowed being inadequate.''

Here we have a motion for a new trial overruled
upon grounds which the plaintiff's counsel contend,
with great earnestness, are erroneous.    It is urged that
the court was in error in overruling the motion on the
grounds that the order was made, because the action
was not for a personal injury, and because the verdict
of the jury was less than the '' actual pecuniary injury
sustained.''    In the view we take of the question
involved we do not regard it as necessary or proper to
determine the correctness of the opinion of the district
court.    We think that it is a question for this court to

determine whether the verdict is contrary to the evidence. It is true we have the opinion of the district court that the verdict should have been for a larger amount. But we cannot be controlled by that opinion. And the fact that the opinion was incorporated in a bill of exceptions adds nothing to it, as a guide to this court in determining the question as to whether the verdict was contrary to the evidence. This becomes quite apparent upon an examination of the instructions of the court to the jury. The charge is quite voluminous, and shows that there was a contest upon every feature of the case. The question of contributory negligence was involved, and the jury was instructed upon the perils which the deceased assumed when he undertook the employment; and there was evidence impeaching certain witnesses, to which the court thought it necessary to call the attention of the jury. The remarks made by the court, that three hundred dollars was too small a verdict, must be taken in connection with that which follows, in which it is said that "the amount must have been reached by a compromise of views among the jurors as to the responsibility of the defendant for his death." It is well known that verdicts in cases of this kind are reached just in that manner. The damages allowable are not the subject of exact computation. It is largely a matter of speculation. The question submitted to the jury was, what was the loss to the estate of the deceased by reason of the defendant's negligent act? This is to be estimated from the probable duration of his life, his habits as to industry, his health and character, his employment, the wages he was earning at the time of his death, and other facts and circumstances pertinent to the inquiry. When all this is done, then the jury are to consider the contingencies of sickness, old age, and a multitude of other considerations. We mention these things as showing that nothing like mathematical exactness can be

attained by a jury in such cases. It is not to be supposed that juries would be agreed at once on such a question. And then, again, for aught we know, the evidence as to the contributory negligence of the deceased may have been so decided that we would hold that the motion for a new trial should have been overruled on that ground. The fact that a verdict of three hundred dollars was returned is not conclusive upon the question whether there was a right to recover in any sum. That is a question to be determined by this court upon an examination of the evidence.

There have been many cases in this court where appeals are considered and determined without an abstract of the evidence, but they are all founded upon questions of law, where it is sufficient to recite that there was evidence tending to show certain facts, to which instructions to the jury or other rulings of the court may be applicable. But it has been uniformly held that this court will not set aside a verdict upon the ground that it is contrary to the evidence unless all the evidence is abstracted and submitted to the court. In *Rice v. Plymouth County*, 53 Iowa, 635, it is said: "Before this court can set aside a verdict, it must clearly appear that all the evidence introduced on the trial below is in the abstract. This practice is so well settled that it is unnecessary to cite cases in its support." We cannot take the opinion of the trial judge upon the sufficiency of the evidence. The sufficiency of the evidence is the very question this court is to determine for itself, and it cannot adopt the finding of the court below; and it was not incumbent upon the defendant to abstract and file the evidence. If we were to concede that the court erred in its construction of the statute that this is an action for a personal injury, we cannot presume prejudice, because the correctness of the verdict is to be determined by the evidence, and nothing but the evidence. The case demands no further consideration. AFFIRMED.