Albert WILTGEN, Appellant,

v.

HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, a/k/a Hartford
Insurance Group, Appellee.

No. 80–1108.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 19, 1980.

Decided Nov. 24, 1980.

Charles R. Wolle, Shull, Marshall & Marks, Sioux City, Iowa, for appellee.

Albert M. Wiltgen, pro se.

Before ROSS, HENLEY and McMILLI-AN, Circuit Judges.

PER CURIAM.

Albert Wiltgen, proceeding *pro se*, appeals from a district court * order granting the motion of Hartford Accident and Indemnity Co. (Hartford) to dismiss on the grounds that the action was settled by oral agreement of the parties through their respective counsel. We affirm.

Wiltgen was involved in two automobile accidents in 1972, on July 21 and December 18. At the time of the accidents he was covered by two policies of insurance issued by Hartford, an accident policy covering medical bills and certain types of disability and a sickness–disability policy covering certain medical expenses and disabilities not accident–related.

On August 17, 1977, Wiltgen filed a two-count complaint against Hartford. In Count I he sought recovery of $6,933.30 in benefits allegedly due for hospitalization, medical bills and payments due under his accident policy. In Count II he sought $25,000 in damages for the wrongful cancellation of his sickness–disability policy.

Hartford successfully obtained a summary judgment with respect to the wrongful cancellation claim. On January 16, 1979, counsel for Hartford by letter offered to pay Wiltgen $2,357.91 for a complete release and dismissal of the subject lawsuit. Counsel for Wiltgen accepted Hartford's offer of settlement verbally on January 24, 1979, and the court was informed that the case had been settled.

Hartford forwarded to Wiltgen for execution a document releasing Hartford from any and all claims and demands and from any and all causes of action arising out of the July and December, 1972 accidents. The document also provided that Wiltgen would indemnify and hold Hartford harmless from all claims and demands growing out of the accidents or policies and any matters which may have been involved in the lawsuit in the United States District Court.

Wiltgen refused to sign. Thereafter, Hartford's attorney informed Wiltgen's attorney that Hartford would settle for a dismissal with prejudice, and would forego the release. Wiltgen also refused this offer.

On September 14, 1979, Hartford filed a motion to dismiss for the reason that the parties had arrived at a settlement agreement. Wiltgen filed a brief in opposition to Hartford's motion to dismiss. He argued that he had told his attorney he would settle for $2,357.91 only if the settlement would not affect his claim for reinstatement of either or both policies, and would not jeopardize his claim "against Hartford's integrity."[1] He argued that the release

---

* The Honorable Edward J. McManus, U.S. District Judge for the Northern District of Iowa.

1. Wiltgen's "claim against Hartford's integrity" stemmed from the fact that in December of 1974, he and Hartford orally agreed to settle on his accident policy for $2,038.91 for disability payments prior to 6/9/73 and medical bills prior to 11/10/73. Wiltgen contends that they, agreed that from 11/10/73 Wiltgen would be covered by his sickness–disability policy and would receive disability pay and medical costs under the policy after that date. On January 16, 1975, Wiltgen executed a release acknowledging receipt from Hartford of $2,038.91 in full satisfaction and discharge of all claims and demands against Hartford under the accident policy for both accidents. Thereafter he received a check in the sum of $1,157.91 [the remaining part of the $2,038.91 had apparently already been paid]. The check contained the statement "Full Settlement of Claim(s)," which Wiltgen construed to extend to his claim under the sickness policy. Wiltgen requested return of the signed release, claiming that Hartford had not advised him that his sickness–disability policy would not pick up where his accident policy left off. Hartford refused to return the release.

proposed by Hartford and the dismissal with prejudice subsequently proposed by Hartford would destroy one or both claims.

The court found that the attorneys for the parties had entered into an oral agreement to compromise and settle, and that Wiltgen was bound by that agreement. The court therefore entered an order enforcing the settlement and dismissing the complaint.

Wiltgen does not dispute the district court's finding that the attorneys for the parties entered into an agreement to settle. He concedes that he agreed to settle his claim against Hartford for medical costs and lost time benefits for $2,357.91. Finally, he does not dispute the district court's power to summarily enforce a contract to settle under the appropriate circumstances. That power was described by the court in *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C.Cir.1969) as follows:

> The summary procedure [for enforcement of unperformed settlement contracts] is admirably suited to situations where, for example, a binding settlement bargain is conceded or shown, and the excuse for nonperformance is comparatively unsubstantial. On the other hand, it is ill-suited to situations presenting complex factual issues related either to the formation or the consummation of the contract, which only testimonial exploration in a more plenary proceeding is apt to satisfactorily resolve. We commend the summary practice for use in connection with problems capable of precise resolution without attendant hazard to the interests of the parties. At the same time, it is evident that beyond that point the convenience of the summary procedure must yield to the exigencies of safeguarding all legally protected rights that are involved.

The question is whether Wiltgen's objections to enforcement of the settlement are "comparatively unsubstantial." In his brief on appeal, Wiltgen contends that he did not authorize his attorney to settle his claims for wrongful cancellation of his policies and

for Hartford's refusal to return the release he signed in 1975 and that the entire settlement was therefore unenforceable. For the reasons expressed below, we find that Wiltgen's objections to the settlement enforced by the district court are unsubstantial, and that he suffers no prejudice by the enforcement of the settlement.

Wiltgen alleged in his complaint that by reason of his dispute with Hartford over coverage under the accident policy, Hartford wrongfully cancelled his sickness–disability policy. As set forth above, the district court granted Hartford's motion for summary judgment with respect to this claim.

■ We find that the district court properly granted summary judgment. Hartford did not cancel Wiltgen's sickness–disability policy. The policy expired on May 1, 1975, and was not renewed under that provision of the policy which provided:

> Subject to the consent of the Company, this policy may be renewed for any specified term by the payment, prior to the expiration of the grace period as provided in Policy Provision 3, of the premium for such term at the Company's premium rate in force at the time of each such renewal.

The distinction is important in terms of the propriety of the district court's grant of summary judgment. The policy provision with respect to non--renewal is unambiguous and under Iowa law must be enforced unless waiver or grounds for reformation are shown. *Detrick v. Aetna Casualty & Surety Co.*, 261 Iowa 1246, 158 N.W.2d 99, 104 (1968); *Mallinger v. State Farm Mutual Automobile Insurance Co.*, 253 Iowa 222, 111 N.W.2d 647, 651 (1961); *Field v. Southern Surety Co.*, 211 Iowa 1239, 235 N.W. 571, 572 (1931). Neither the complaint nor Wiltgen's response to Hartford's motion for summary judgment and his accompanying affidavit raises as a genuine issue of material fact whether any action on the part of Hartford or its agents constituted a waiver of the non–renewal clause or grounds for reformation of the contract to preclude non--renewal.

The district court did refer in its order granting summary judgment to the fact that Wiltgen alleged an oral agreement reached with Carter Harris of Hartford's Kansas City, Kansas office which modified Hartford's right to cancel the policy. In his reply brief on appeal, Wiltgen renews this allegation, stating

> When Plaintiff purchased his policy Y2298 on May 1, 1957, he was informed that Hartford has never cancelled a policy unless there was a criminal intent on part of insured. There is and has to be a particular reason for the cancellation of these policies and Hartford should be required to show due cause for same.

Under Iowa law, this fact might under certain circumstances, serve as grounds for reformation of the cancellation provision of the policy. *Johnson v. United Investors Life Insurance Co.*, 263 N.W.2d 770, 772–73 (Iowa 1978); *Detrick v. Aetna Casualty & Surety Co., supra*, 158 N.W.2d at 105; *Conard v. Auto–Owners (Mutual) Insurance Co.*, 254 Iowa 157, 117 N.W.2d 53, 55 (1962). However, it has no relationship to the non-renewal clause, on the basis of which Hartford refused to renew the policies. As Couch explains:

> A refusal by the insurer to renew a policy of insurance is to be distinguished from the cancellation of a policy for the obvious reason that cancellation terminates an existing contract whereas a refusal to renew is merely a refusal to enter into a new or to continue the old contract.

17 Couch on Insurance 2d § 67:39 at 414 (1967). Thus the validity of the non–renewal clause stands undisputed and was properly invoked by Hartford in declining to renew the policies.

Because Wiltgen's wrongful cancellation claim lacks merits, he suffers no prejudice by dismissal of the action with prejudice and enforcement of the settlement.

As set out above, Wiltgen indicated an intention to file suit against Hartford for its "lack of integrity" in negotiating a settlement. Wiltgen claims that Hartford represented he would receive benefits under the sickness–disability policy, and then tricked him into signing a release which would have barred him from recovering under his sickness–disability policy and refused to return the release.

Enforcement of the settlement at issue here would not bar Wiltgen from pursuing his "integrity" claim. Although the nature of the claim is unclear, and the merit even less so, it arose subsequent to the filing of the lawsuit at issue, out of a separate transaction or operative nucleus of facts. It therefore is not the same claim for res judicata purposes, and Wiltgen would not be barred from pursuing it by reason of the settlement. *Robbins v. District Court*, 592 F.2d 1015, 1017 (8th Cir.), *cert. denied*, 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979); *B & B Asphalt Co. v. T. S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976).

We find all of Wiltgen's contentions to be without merit.[2] The judgment of the district court is affirmed.

---

**2.** In addition to attacking the validity of the settlement and the propriety of the district court's grant of summary judgment as to the wrongful cancellation claim, Wiltgen also contends that the district court erred in denying his motion for change of venue. We find this contention without merit.