Cathy B. WENDE, Appellant,

v.

ORV ROCKER FORD LINCOLN MERCURY, INC., a/k/a Orv Rocker Ford; Ford Motor Company and Jack A. Jeffrey, Appellees.

No. 93–1847.

Court of Appeals of Iowa.

Jan. 23, 1995.

Robert Kohorst and William T. Early of Kohorst Law Firm, Harlan, for appellant.

William R. Hughes, Jr. and Dean L. Whitford of Stuart, Tinley, Peters, Thorn & Hughes, Council Bluffs, for appellees Rocker Ford and Jack Jeffrey.

Heard by DONIELSON, C.J., and SACKETT and CADY, JJ.

CADY, Judge.

This is an appeal by plaintiff, Cathy Wende, from an order by the district court

finding the parties entered into an agreement to settle the underlying lawsuit. We affirm.

Cathy Wende instituted this action against Orv Rocker Ford Lincoln Mercury, Inc. (Orv Rocker Ford), Ford Motor Company (Ford), and Jack Jeffrey for injuries she received while a passenger in a van manufactured by Ford, rented from Orv Rocker Ford and driven by Jeffrey. Wende was represented by attorney Stephen M. Engelhardt. Ford was represented by attorney Wade R. Hauser III. Attorney William R. Hughes Jr. represented Orv Rocker Ford and Jeffrey.

Counsel for the parties engaged in settlement discussions during the pendency of the action. Engelhardt and Hauser eventually agreed to settle for $15,000, while Engelhardt and Hughes agreed to settle for the same amount. Before the formal settlement documents were executed, however, Engelhardt informed Hauser and Hughes that Wende was withdrawing her settlement proposals.

The defendants subsequently filed motions to enforce the settlement agreement. The settlement correspondence between the attorneys was attached to the motions. Wende filed a resistance to the motions. She claimed she never authorized the amount of the settlement, her injuries were more severe than originally believed, and no release was signed. Wende testified in a deposition attached to her resistance that she told Engelhardt the $15,000 settlement offer from Orv Rocker Ford and Jeffrey was acceptable, if it was determined "who was going to pay the medical bills."

The district court set the motion for hearing. Prior to the hearing, Wende acknowledged settlement with Ford, and the case proceeded to hearing on the motion filed by Orv Rocker Ford and Jeffrey. Counsel appeared at the hearing, and the matter was submitted to the court on the written motion, resistance, attachments, and a professional statement by Engelhardt. No record was made of the hearing, and no objection over the proceedings was lodged.

The district court subsequently entered an order finding Wende, Orv Rocker Ford, and Jeffrey agreed to settle the action for $15,-000. The court found Engelhardt was authorized by Wende to settle for $15,000, and the agreement was complete and enforceable once acceptance occurred. The court also found there was no mutual mistake to support rescission of the agreement.

Wende appealed from the order and raises three claims. First, she argues a jury question was raised over Engelhardt's authority to settle the case. Next, she asserts a jury question was raised concerning the existence of a mutual mistake of fact. Finally, she argues the agreement was unenforceable because no formal written documents were executed.

█ We must first determine our standard of review. It is generally recognized that courts have authority to enforce settlement agreements made in a pending case. *Wright v. Scott,* 410 N.W.2d 247, 250 (Iowa 1987); 15A C.J.S. *Compromise and Settlement* § 48 (1967). This authority is ordinarily exercised two ways. If the important facts are not in dispute, courts may summarily enforce the agreement on motion by one of the parties. *See Wiltgen v. Hartford Accident & Indem. Co.,* 634 F.2d 398, 400 (8th Cir.1980). On appeal, we apply those standards applicable to motions for summary judgment. *See Fees v. Mutual Fire & Auto Ins. Co.,* 490 N.W.2d 55, 57 (Iowa 1992).

█ On the other hand, if the material facts surrounding the settlement are disputed, the issue must be resolved by the finder of fact. *See Wiltgen,* 634 F.2d at 400. It may be presented to the court or jury as an additional claim in the original action, or resolved by the court or jury in a separate hearing.[1] *See Cunningham v. Iowa–Illinois Gas & Elec. Co.,* 243 Iowa 1377, 1380–81, 55 N.W.2d 552, 554 (1952); 15A C.J.S. *Compromise & Settlement* § 54. *See also* Iowa R.Civ.P. 186 (court may order separate trial

---

1. Under either method, the issue is most appropriately raised by first amending the pleadings to assert settlement as a claim in the lawsuit. *See* 15A C.J.S. *Compromise and Settlement* § 50 (1967). The issue may then be resolved by motion for summary judgment or at trial. Our rules of procedure do not provide for a motion to enforce a settlement agreement.

of any claim in any action). If the matter is submitted to the court, the decision of the trial court has the effect of a jury verdict, and our review is limited to claims of error. *Cunningham,* 243 Iowa at 1381, 55 N.W.2d at 554. The findings made by the trial court are binding if supported by substantial evidence. *Public Fin. Co. v. Van Blaricome,* 324 N.W.2d 716, 718 (Iowa 1982).

In this case, the motion to enforce the settlement agreement was submitted to the court for resolution without objection. Wende did not argue in her resistance to the motion that a factual dispute precluded the court from resolving the motion, nor did she request the issue be submitted to a jury. She argued, instead, that the facts did not give rise to an enforceable agreement and asked the court to deny the motion. At the hearing, the trial court considered the written documents, received a professional statement, and entered its findings and judgment. Since Wende did not object to the submission of motion to the court as the finder of fact, she failed to preserve any claim of error involving the procedure followed by the trial court. *See Vaughn v. Ag Processing Inc.,* 459 N.W.2d 627, 637 (Iowa 1990). Moreover, our review is narrowed to errors of law, and the findings of the trial court acquire the force of a jury verdict. *Murray v. Conrad,* 346 N.W.2d 814, 817 (Iowa 1984). The findings are binding on appeal if supported by substantial evidence. *Id.*

A portion of the evidence considered by the trial court at the hearing on the motion to enforce the settlement agreement was the professional statement of Wende's counsel. This statement had the effect of an affidavit and was properly considered by the court. *See State v. Brewer,* 247 N.W.2d 205, 212 (Iowa 1976). There was no transcript of the hearing, however, and no record of the statement was submitted by the parties on appeal. *See* Iowa R.App.P. 10(c).

An appellate court is unable to review a claim of insufficient evidence without an opportunity to consider all the evidence which was presented before the trial court. *Holden v. Voelker,* 228 Iowa 589, 591, 293 N.W. 32, 32 (1940); *Kinser v. Soap Creek Coal Co.,* 85 Iowa 26, 34, 51 N.W. 1151, 1154 (Iowa 1892). We believe Wende had the burden to provide an adequate record. *See* Iowa R.App.P. 10(b). Without a full record of the proceedings before the trial court, we are unable to review the sufficiency of the evidence to support the trial court's findings. In particular, the unrecorded professional statement may have provided important evidence to the trial court in reaching its findings and conclusions. That evidence is not before us to review. Consequently, we can only review the trial court's legal determinations and inquire into whether the trial court applied erroneous rules of law. *See Blunt, Ellis & Loewi, Inc. v. Ingram,* 319 N.W.2d 189 (Iowa 1982).

Wende does not challenge the trial court's determinations of law or application of legal principles concerning the authority of an attorney to settle a case and the effect of a mutual mistake of fact. Furthermore, no motion to enlarge or amend any conclusions of law was filed. *See* Iowa R.Civ.P. 179(b). Wende does argue, however, the settlement agreement was unenforceable until it was reduced to writing. This is a legal issue which may be reviewed despite the absence of a complete record.

A settlement agreement need not be reduced to a writing before it is enforceable unless required by statute or court rule. 15A C.J.S. *Compromise & Settlement* § 17 (1967); *See McCarter v. Uban,* 166 N.W.2d 910, 912–13 (Iowa 1969) (holding an oral contract can be formed prior to the execution of a formal writing). Wende argues that a writing is required under section 554.1206 of Iowa's Uniform Commercial Code. This section, however, is clearly inapplicable to this case. It is limited to certain contracts for the "sale of personal property." Iowa Code § 554.1206(1) (1993). The settlement of a personal injury lawsuit is not a contract for the sale of personal property, nor would it typically fall within any specific article of the commercial code.

We have examined all claims raised by Wende. The decision of the trial court is affirmed.

**AFFIRMED.**