# IN THE COURT OF APPEALS OF IOWA

No. 14-0485
Filed February 11, 2015

**KIMBERLY SUSAN ANDERSEN and MICHAEL CURTIS ANDERSEN, Individually and as Next Friends of HANNAH ANDERSEN AND CADEN ANDERSEN, Minors,**
        Plaintiffs-Appellants,

**vs.**

**KAMLINE HIGHWAY MARKINGS, L.L.C., and DARRELL LEE HOCKING,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Carroll County, William C. Ostlund, Judge.

        The plaintiffs appeal from an order by the district court finding the parties entered into an agreement to settle the underlying lawsuit. **AFFIRMED.**

        Andrew L. LeGrant of LeGrant Law Firm, Urbandale, and Thomas J. Duff of Duff Law Firm, P.L.C., Des Moines, for appellants.

        Thomas M. Braddy and Amy M. Locher of Locher, Pavelka, Dostal, Braddy & Hammes, LLC, Council Bluffs and Omaha, Nebraska, for appellee.

        Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

Kimberly Andersen and Michael Andersen, individually and as next friends of Hannah Andersen and Caden Andersen, appeal from an order by the district court finding they entered into an agreement to settle their underlying lawsuit against Kamline Highway Markings, L.L.C., and Darrell Lee Hocking (collectively, Kamline) stemming from injuries Kimberly sustained in a 2009 automobile collision allegedly caused by Kamline.  Because we conclude the district court did not err in finding there was a binding settlement between the parties, we affirm the court's order granting Kamline's motion to enforce settlement.

## I.      *Background Facts and Proceedings*

In 2011, the Andersens initiated a personal injury negligence action against Kamline.  On November 1, 2013, the parties mediated the case at the offices of Des Moines attorney Steven Wandro, who served as the mediator.  The Andersens were present, represented by attorney Jeff Minnich, as well as two Kamline representatives, represented by attorney Thomas Braddy.

The mediation ended with the parties reaching a verbal agreement that (1) Kamline was to pay the Andersens $57,500; (2) Kamline was to pay court costs in an amount not to exceed $200; and (3) Kamline was to pay the cost of the mediation.  The mediation went into late afternoon and the mediator did not have staff available to prepare a written statement memorializing the parties' agreement.  The mediator asked the parties to send him the written agreement for his files once it had been drafted.

The written agreement was drafted, but the Andersens ultimately refused to sign it.  With trial of Andersens' suit scheduled to begin November 19, attorney

Minnich, on behalf of the Andersens, filed a motion to continue trial. The motion stated, in part:

> 1. This was scheduled for a jury trial on November 19, 2013.
>
> 2. The parties agreed to submit this matter to mediation with such mediation taking place on November 1, 2013.
>
> 3. Plaintiff, Kimberly Andersen, verbally accepted the settlement offer made by defendants.
>
> 4. Based on the undersigned's belief that this matter was settled, the medical deposition scheduled for plaintiff's physician was cancelled and cannot be rescheduled before the November 19, 2013 trial.
>
> 5. Subsequent to the mediation Kimberly Andersen informed the undersigned that she wished to recant her verbal acceptance of the settlement agreement. The undersigned recommended that she seek another attorney's opinion regarding her recantation of the settlement agreement and to review her case in its entirety regarding its risks and benefits.
>
> 6. The undersigned informed the Court and defense counsel that the plaintiff intended to recant her verbal acceptance of the agreement. An informal telephone conference was held by the Court, the undersigned and the defense counsel.
>
> 7. The defense counsel indicated that the defense intended to file a Motion to Enforce the Settlement and also request sanctions.
>
> 8. A hearing on a Motion to Enforce the Settlement is not anticipated to come before the Court before the scheduled trial date.
>
> 9. Even if a hearing on the Motion to Enforce the Settlement can be scheduled before the trial date if Plaintiff's verbal acceptance is set aside the deposition of Plaintiff's treating physician would not be able to be rescheduled before the trial date.

The court granted the Andersens' motion to continue.

Kamline then filed a motion to enforce settlement and a motion for leave to amend answer to assert settlement as an affirmative defense. A hearing was held on the motions, during which Kamline offered testimony from mediator Wandro, attorney Minnich, and Kamline representative Carol Reisinger. Kamline also offered various exhibits to the court, including the mediation agreement, several emails between the parties' attorneys, and an affidavit of mediator

Wandro. The Andersens appeared pro se, and offered no evidence, but Kimberly Andersen told the court, "There was not an agreement."

At the outset of the hearing, the district court approved Kamline's request to amend its answer to assert settlement as an affirmative defense. Following the hearing, the district court entered an order finding "there is no genuine issue of material fact and [Kamline is] entitled to judgment as a matter of law that the parties entered into an enforceable settlement agreement." The court ordered the Andersens to pay sanctions to Kamline for attorney fees and to mediator Wandro for the cost of the mediation and for his time associated with the enforcement proceeding. The Andersens now appeal.

## II. *Standard of Review*

"The district court has authority to enforce settlement agreements made in a pending case." *Gilbride v. Trunnelle*, 620 N.W.2d 244, 249 (Iowa 2000) (citing *Wende v. Orv Rocker Ford Lincoln Mercury, Inc.*, 530 N.W.2d 92, 94 (Iowa Ct. App. 1995)). The district court may summarily enforce a settlement agreement on motion by one of the parties when, as here, a party amends its pleadings to assert settlement as an additional claim in the original lawsuit. *Gilbride*, 620 N.W.2d at 249 (citing *Wende*, 530 N.W.2d at 94).[1]

As a remedy to enforce a settlement agreement, however, summary judgment is proper only when "[p]leadings, depositions, answers to

---

[1] Issues regarding material facts surrounding a settlement agreement "may be presented to the court or jury as an additional claim in the original action, or resolved by the court or jury in a separate hearing." *Wende*, 530 N.W.2d at 95. "Under either method, the issue is most appropriately raised by first amending the pleadings to assert settlement as a claim in the lawsuit. The issue may then be resolved by motion for summary judgment or at trial." *Id.* at 94 n.1 (citation omitted).

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3); *see also Wende*, 530 N.W.2d at 94 (holding that, on appeal, the standards applicable to summary judgment are applied in determining whether summary enforcement of a settlement agreement is appropriate). If there are genuine issues of material fact surrounding the settlement, the issue is not appropriate for summary judgment, but rather must be resolved by a finder of fact. *Wende*, 530 N.W.2d at 94.

### III. Discussion

The Andersens contend the district court erred in concluding no genuine issues of material fact existed as to whether the parties entered into an enforceable settlement agreement. Kamline had the initial burden to show no issue of material fact existed. *See Atlantic Veneer Corp. v. Sears*, 232 N.W.2d 499, 504 (Iowa 1975) (noting the burden of proof concerning enforcement of a settlement agreement is on the party alleging settlement).

As noted above, Kamline presented testimony from three witness, mediator Wandro, attorney Minnich, and Kamline representative Reisinger.[2] Kamline also offered various exhibits to the court, including the mediation agreement, several emails between the parties' attorneys, and an affidavit of mediator Wandro.

---

[2] Reisinger, a field claim representative for Kamline's insurer, testified with regard to the costs incurred by Kamline after the mediation.

Wandro testified he served as the mediator in the Andersens' case against Kamline, "[t]he mediation took place at [his] offices in Des Moines" on November 1, and the mediation "ended late in the afternoon." Wandro further testified there was "[n]o doubt" in his mind that "[t]here was an agreement." Wandro acknowledged no written settlement agreement was prepared that day. Wandro stated, although it was his general practice as a mediator "to have some kind of written document . . . which memorializes the agreement" created at the time of the mediation, in this case he did not have staff available to prepare a written statement due to lateness of the day when the mediation concluded, but "it was a simple case" and "it was a pretty straightforward agreement." Wandro testified he asked the parties to send him the written settlement agreement for his files once it had been drafted.

Wandro further testified after the mediation concluded, he sent a follow-up email to the parties' attorneys with a copy of the mediation agreement. Exhibit H, an email dated November 3 from Wandro to the parties' attorneys was admitted into evidence with no objection. That email stated, in relevant part, "[A]ttached is the mediation agreement I promised to send you. I am pleased that the mediation was successful. If there is anything else you need let me know." Kamline also introduced an affidavit of Wandro, which the court admitted over the Andersens' objection,[3] which detailed Wandro's report of the mediation as set forth above.

_____

[3] The Andersens objected to Wandro's testimony and affidavit "pursuant to the mediation privilege." The district court properly admitted the evidence pursuant to Iowa Code section 679C.107 (2013), which states, "A mediator may disclose . . . [w]hether the

Minnich, the Andersens' attorney, testified he appeared on behalf of the Andersens at the mediation on November 1 at Wandro's office. Minnich testified he had no doubt in his mind that a settlement was reached that day.

In addition, Kamline offered a number of post-mediation emails between the parties and Wandro discussing the settlement and Kimberly Andersen's wavering on whether to sign the agreement. The court also took judicial notice of the Andersens' motion to continue trial, set forth above, which further supported a finding that an agreement was reached. Considering the evidence before the court, we find no error in the court's conclusion that Kamline met its initial burden to show no issue of material fact existed as to whether an agreement was reached.

The burden shifted to the Andersens to set forth specific facts showing the existence of a genuine issue of material fact. *See K & W Elec., Inc. v. State*, 712 N.W.2d 107, 112 (Iowa 2006) ("If the moving party has met its burden, the resisting party must set forth specific facts showing that a genuine factual issue exists." (internal quotation marks omitted)). "A fact is material if it will affect the outcome of the suit, given the applicable law." *Parish v. Jumpking, Inc.*, 719 N.W.2d 540, 543 (Iowa 2006). "An issue of fact is 'genuine' if the evidence is such that a reasonable finder of fact could return a verdict or decision for the nonmoving party." *Id.*

As the sole support of their claim, the Andersens point to the following colloquy at the outset of the hearing:

mediation occurred or has terminated, whether a settlement was reached, and attendance." Iowa Code § 679C.107(2)(a).

> COURT: So, before we go any further, I'm going to ask you one simple question. Do you deny that there was an agreement to settle this?
>
> A. [Kimberly Andersen]: There was not an agreement.
>
> COURT: Okay. That would be the material fact that the Court would be looking towards.

The Andersens offered no further statements to the court and submitted no evidence for the court's consideration.[4]

A party cannot create a factual issue simply by stating that one exists. *See Humphries v. Trustees of the Methodist Episcopal Church of Cresco, Iowa*, 566 N.W.2d 869, 872 (Iowa 1997). In other words, a party "may not rest upon the mere allegations or denials in the pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Iowa R. Civ. P. 1.981(5).

Settlement agreements are contractual in nature, and need not be reduced to writing to be enforceable. *Wende*, 530 N.W.2d at 95. Iowa courts have long-recognized the authority of courts to enforce settlement agreements and the law favoring settlement of controversies. *See Wright v. Scott*, 410 N.W.2d 247, 249 (Iowa 1987); *Wende*, 530 N.W.2d at 94.

Upon our review of the evidence before the district court, in the light most favorable to the Andersens, we find no error in the court's conclusion that Kamline has showed the existence of a binding settlement agreement and the Andersens failed to set forth specific facts showing the existence of a genuine issue of material fact surrounding the agreement. We affirm the district court's

---

[4] We proceed to the Andersens' claim despite Kamline's contention that this statement by Kimberly Andersen was not "sworn testimony."

order granting Kamline's motion to enforce settlement.

**AFFIRMED.**