# IN THE COURT OF APPEALS OF IOWA

No. 14-1454
Filed October 28, 2015

**NORTHERN INVESTMENTS, L.C.,**
    Third-Party Plaintiff-Appellee,

**vs.**

**ARTHUR RENANDER,**
    Third-Party Defendant-Appellant.

**RAI, L.L.C. and ZARA RENANDER,**
    Third-Party Defendants,

_____

**ARTHUR RENANDER and ZARA RENANDER,**
    Third-Party Plaintiffs,

**vs.**

**GARY AAMODT,**
    Third-Party Defendant-Appellee,
_____

        Appeal from the Iowa District Court for Johnson County, Douglas S. Russell, Judge.


        Arthur Renander appeals the district court's order enforcing a settlement agreement. **AFFIRMED.**

        Christopher J. Foster of Foster Law Office, Iowa City, for appellant Arthur Renander.

        Thomas Hobart of Meardon, Sueppel & Downer P.L.C., Iowa City, for appellees Northern Investments, L.C., and Gary Aamodt.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Arthur Renander appeals the district court's decision enforcing a settlement agreement for the sale of certain property in Johnson County. Arthur contends the district court incorrectly determined Northern Investments, L.C.'s, exercise of its right to purchase was in compliance with the settlement agreement, arguing the closing date was beyond the date provided in the settlement agreement. Because we agree the exercise of the right to purchase was in compliance with the settlement agreement, we affirm the decision of the district court.

**I. Background Facts and Proceedings.**

High Country Development Company filed a petition to foreclose a mortgage on real estate belonging to RAI, L.L.C. and Northern. Various counterclaims, cross-claims, and third-party petitions were filed by the parties involved in the foreclosure action, but the case was mediated and settled on February 27, 2013. RAI and its owners, Arthur and Zara Renander, and Northern and its owner, Gary Aamodt, agreed to list the property for sale for one year beginning on May 28, 2013, and ending May 28, 2014, during which the Renanders had an exclusive right to purchase the property for the first 180 days. For the second 180 days of the listing agreement, both Northern and the Renanders had the right to purchase. The Renanders also had a right of first refusal during the entire year the property was listed for sale if an offer to purchase met or exceeded a set price.

On May 15, 2014, Northern delivered a document entitled "Exercise of Option to Acquire Real Estate," which triggered the Renanders' right of first refusal to purchase the property. Because the right of first refusal gave the Renanders thirty days to match Northern's offer, the closing date on the sale of the property to Northern was set for June 16, 2014. On June 13, 2014, Arthur delivered to Northern's attorney a document entitled "Residential Lots/Vacant Land Purchase Agreement." Due to confusion over whether this was the exercise of Arthur's right of first refusal or an entirely new offer, Northern delayed the closing, and on June 18, 2014, it filed a motion to enforce the settlement agreement.

A hearing was held on July 23, 2014, and the district court filed its order a few days later, concluding Northern's exercise of its option to purchase the property was in compliance with the settlement agreement. The court further found Arthur's document was incomplete, not in compliance with the settlement agreement, and was not an exercise of its right of first refusal.[1] The court ordered the parties to close on the property in accordance with Northern's option to purchase and ordered RAI to deliver the deed to the property to Northern. The court denied Arthur's motion to reconsider, and he now appeals.

---

[1] Arthur conceded in his testimony at the hearing that the offer was not an exercise of his right of first refusal but was an entirely new offer he was working on with another investor. We note the offer was made outside the time frame allowed for Arthur to purchase the property, and as such, it was not in compliance with the settlement agreement.

## II. Scope and Standard of Review.

An action to enforce a settlement agreement is reviewed for correction of errors at law. *Wende v. Orv Rocker Ford Lincoln Mercury, Inc.*, 530 N.W.2d 92, 95 (Iowa 1995). The factual findings made by the district court are binding if supported by substantial evidence. *Id.*

## III. Settlement Agreement.

Arthur maintains on appeal the district court incorrectly concluded Northern's exercise of its option to purchase was a valid action under the settlement agreement because the date set for closing on the property was June 16, 2014. It is Arthur's position that in order to be a proper exercise of Northern's option to purchase the property the closing had to take place on or before May 28, 2014, the date the sale period for the property ended. In support of this interpretation of the settlement agreement, Arthur points to the district court's June 2013 prior rejection of his attempt to purchase the property where the court required the property to remain on the market until he closed on the property "which must occur within the time set forth in the Settlement Agreement." A subsequent attempt by Arthur was also rejected by the court in October 2013 where the court found the offer to purchase violated the settlement agreement because it again attempted to delay the closing on the property beyond the prescribed time. Because the court required him to close by May 28, 2014, to be in compliance with the settlement agreement, Arthur claims Northern's offer is likewise invalid because the closing date went beyond May 28, 2014.

Unlike Arthur's ability to purchase the property under the settlement by tendering a set price, Northern's right to purchase was conditioned on Arthur's right of first refusal. Before Northern could close on the property, it was required to give Arthur thirty days so that Arthur could tender a "'take-out' (approval)" letter from a financial institution that matched the offer made by Northern. Closing was set on June 16, 2014, in order to give Arthur his contractual thirty days to exercise his right of first refusal.[2] It was for Arthur's benefit, not Northern's, that the closing date was set on June 16. At the hearing on Northern's motion to enforce the settlement agreement, there was no evidence that failure to close by May 28 was necessary for Northern to be prepared to close the transaction. When Northern exercised its option to purchase on May 15, it was ready and able to close on the property by the May 28 deadline.

We agree with the district court's conclusion Northern's exercise of its option to purchase was in compliance with the settlement agreement. It gave each party what it bargained for in the agreement, and avoided broker fees and an auction, which both parties wanted to avoid. We therefore affirm the district court's decision.

**AFFIRMED.**

---

[2] Under the settlement agreement, Arthur's right of first refusal expired "at the termination of the listing agreement or 365 days after the last signature to this agreement, whichever is later." Thus, it is unclear whether Northern had to give Arthur a full thirty days to exercise his right of first refusal. However, this issue was not contested, and Northern erred on the side of safety by granting Arthur the full thirty days to exercise his right.