# IN THE COURT OF APPEALS OF IOWA

No. 20-0836
Filed August 18, 2021

**MARY ELIZABETH SLEZAK,**
    Plaintiff-Appellee,

**vs.**

**CARL W. MATHERLY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeanie Vaudt, Judge.

Carl Matherly appeals the enforcement of a settlement agreement for attorney fees and a cost assessment. **AFFIRMED.**

Shaun Thompson of Newman Thompson & Gray PC, Forest City, for appellant.

Joseph G. Gamble and Tara J. Higgins of Duncan Green, P.C., Des Moines, for appellee.

Considered by Mullins, P.J., and Vogel and Doyle, S.J.J.* Gamble, S.J., takes no part.

*Senior judges assigned by order pursuant to Iowa Code section 602.9206 (2021).

**MULLINS, Presiding Judge.**

Carl Matherly appeals the enforcement of a settlement agreement for attorney fees and assessment of costs.[1]  Carl argues the district court erred in reducing the fee in the settlement agreement because the initial payment was not related to the sale of relevant farmland and because Mary Elizabeth Slezak (MaryBeth) failed to address the lien directly.[2]

**I.      Background Facts and Proceedings**

The issues presented in this appeal stem from a long, bitter family dispute. The facts of the Matherly dissolution of marriage are presented in *In re Marriage of Matherly*, No. 18-0625, 2019 WL 3334355, at *2–4 (Iowa Ct. App. July 24, 2019) [dissolution].  The facts of the trust issues raised by MaryBeth, which arose through the course of the dissolution proceedings, are described in *Slezak v. Matherly*, No. 20-0352, 2021 WL 1016595, at *1 (Iowa Ct. App. Mar. 17, 2021), *further review application docketed* (Apr. 5, 2021).  The district court summarized the facts giving rise to this appeal as follows:

> On November 9, 2018, the parties in the instant matter reached an agreement (the Agreement) regarding the maximum amount that could be allocated and accessible for the payment of [Carl]'s attorney fees.  Under the Agreement, [Carl's counsel] could allocate an amount less than $100,000.00 from the proceeds arising from the sale of the Fremont County farm for payment of [Carl]'s attorney fees.
>      Thirteen months later on December 5, 2019, [Carl's counsel] filed Notice of an Attorney Lien (the Lien) in [the Dissolution Action], in which [Carl] was the Respondent.  Under the Lien [Carl's counsel]

---

[1] Carl also appealed the assessment of sanctions and then moved to the issue considered as a petition for writ of certiorari.  The supreme court granted the request to have it considered as a petition for writ of certiorari and then denied the writ.  Procedendo has issued on the sanctions issues.

[2] Carl also argued MaryBeth lacked standing to attack the lien but conceded the issue was raised for the first time on appeal and was not preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

> sought funds to be paid to his law firm in the aggregate amount of $171,125.70. This included: (1) $50,000.00 for a retainer for [Carl]'s appeal in the instant . . . action; (2) $94,792.59 for services rendered and expenses advanced for the instant . . . action; and (3) $26,333.09 for fees and expenses incurred in the Dissolution Action.
>
> In the Dissolution Action, [MaryBeth] resisted the alleged Lien as a violation of the Agreement and Iowa law. On December 5, 2019, [MaryBeth] also filed a Motion to Enforce Compliance with Settlement Agreement and Court Order in the instant case. A hearing on this issue was held on December 9, 2019. The court entered an Order granting the relief [MaryBeth] requested in part and requesting an itemized fee affidavit from [MaryBeth]'s counsel.

The district court found all but $26,333.09 of the lien filed by Carl's counsel was not supported by law and recognized that counsel conceded the error of the original lien and filed a correction. The district court found the amount of the original lien request violated the parties' agreement, which said that Carl's counsel could recover fees less than $100,000.00. Carl's counsel received $26,512.79 from the sale of the Fremont County farm, and the district court reduced the amount that could be recovered by that value. Carl appeals.

## II. Standard of Review

Carl argues the standard of review for the enforcement of the agreement should be de novo because the district court heard the claims in equity. *See In re Est. of Rogers*, 473 N.W.2d 36, 39 (Iowa 1991). MaryBeth argues the issue should be reviewed for correction of errors at law because the agreement functioned as a contract. *See State v. Graham*, No. 07-0306, 2008 WL 141683, at *1 (Iowa Ct. App. Jan. 16, 2008). We addressed a similar issue the last time these parties were before this court and apply the same analytical framework. *See Slezak*, 2021 WL 1016595, at *3.

> In determining whether a case is one in equity or at law, we look at the pleadings, relief sought, and essential nature of the action. The initial classification of claims in equity or law does not outweigh the nature of the claims. The legal or equitable nature of the proceedings is to be determined by the pleadings, the relief sought, and the nature of the case.

*Id.* (altered for readability). Our supreme court recently applied this same framework in *Dix v. Casey's Gen. Stores, Inc.*, 961 N.W.2d 671, 680–81 (Iowa 2021) (concluding the applicable standard of review was de novo because "the case was tried in equity based on the unavailability of a jury, the relief requested and ordered, and the inconsequential nature of any evidentiary rulings").

Our review in *Slezak* focused on whether Carl was entitled to a jury trial. 2021 WL 1016595, at *3. We found the claims "related to breach of trust, which were statutorily required to be tried to the bench sitting in equity," and that no right to a jury trial existed. *Id.* In this case, we are reviewing a claim for enforcement of a settlement agreement between the parties on the method for payment of attorney fees. "Settlement agreements are essentially contracts." *Graham*, 2008 WL 141683, at *1. By Carl's own words, "This controversy involves the construction of an agreement that was read into the record in November 2018. The matter should be resolved adequately only through construction; only a legal question is presented." "Construction is always reviewed as a law issue." *Fashion Fabrics of Iowa, Inc., v. Retail Invs. Corp.*, 266 N.W.2d 22, 25 (Iowa 1978). Thus, we review the fee agreement for correction of errors at law. Iowa R. App. P. 6.907. "The findings made by the trial court are binding if supported by substantial evidence." *Wende v. Orv Rocker Ford Lincoln Mercury, Inc.*, 530 N.W.2d 92, 95 (Iowa Ct. App. 1995).

We review an assessment of costs for abuse of discretion. *Robbennolt v. Snap-On Tools Corp.*, 555 N.W.2d 229, 238 (Iowa 1996). We will reverse only if the district court exercises its discretion "on grounds that are unreasonable or untenable." *In re Tr. No. T-1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013).

## III. Discussion

### A. Fee Agreement

Carl argues the district court erred in allegedly reducing the fee because the record does not support the finding that the $26,512.79 payment was related to the sale of farmland and MaryBeth should have addressed the lien directly. The fee agreement read into the record provided:

> [Carl] will agree to have the proceeds of the Fremont County farm— any proceeds he gets from that upon the conclusion of his divorce case . . . put into an FDIC-insured account to which he has no assets not in Carl Matherly's name until this case is concluded so that he is unable to access those funds, and so that [MaryBeth]'s concerns about dissipation, waste, improper investments, and directing those assets elsewhere are alleviated.
> [Carl's counsel] requested that an amount below a hundred thousand dollars be allocated and accessible for the payment of attorneys' fees to his office. I have discussed that with [MaryBeth], and she is agreeable to that.

"Courts must strive to give effect to all the language of a contract." *Fashion Fabrics of Iowa, Inc.*, 266 N.W.2d at 26. "[I]t is assumed in the first instance that no part of [an agreement] is superfluous; an interpretation which gives a reasonable, lawful, and effective meaning to all terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect." *Id.*

Carl's counsel, Shaun Thompson, filed a notice of the lien on December 5, 2019. That notice was amended on December 11 to reflect the lien for "$26,512.79 is for services rendered and expenses forwarded in the [dissolution and trust]

actions." Altogether, notices for attorney liens were filed for that amount in case numbers associated with the dissolution of marriage, an equity case number, and a trust case number. On February 20, 2020, MaryBeth filed an application for attorney fees and direction of payment and moved to enforce compliance with the settlement agreement. The record shows Thompson's lien of $26,512.79 was paid out of the proceeds from the sale of the Fremont County farm in order to transfer marketable title of the farm to the buyer. Thompson then released the lien on January 8, 2020. On our review, there was no specification as to which case the fees would be directed in the agreement that was read into the record. The lien was placed on funds that would have been paid to Carl from the sale of the farm, which by the terms of the agreement should have been placed into an FDIC-insured account for payment of attorney fees in general. However, because of the lien, the funds were paid directly to Thompson, Carl's counsel. Carl's argument that nothing in the record supported the finding that the lien payment was tied to the sale of the farm is not supported by the evidence. The lien filing encumbered the farm and was thus required to be paid from proceeds from the sale of the farm because it had not been otherwise satisfied or released.

Carl also argues the district court erred in reducing the fee because MaryBeth's procedure for attacking the lien was improper. Carl asserts that MaryBeth should have attacked the lien directly. There are two procedural issues with Carl's argument. Iowa Rule of Appellate Procedure 6.903(2)(g)(3) requires the argument section of an appellant brief to support contentions "with citations to the authorities relied on and references to the pertinent parts of the record in accordance with rule 6.904(4). Failure to cite authority of an issue may be deemed

waiver of that issue." Carl failed to provide authority for his argument that MaryBeth was required to attack the lien directly, and we deem it waived. Iowa R. App. P. 6.903(2)(g)(3). Even if we were to bypass the waiver, on our review of the record, it does not appear that Carl ever raised this argument before the district court. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier*, 641 N.W.2d at 537. Error was not preserved. *Id.*

B. Cost Assessment

Carl does not argue that any abuse of discretion took place in assessing the costs. Carl only argues the district court erred in assessing costs of the enforcement because he should have prevailed on his motion to enforce the same fee agreement.

Because we have already determined the fee agreement was properly enforced, we need not address the argument any further.

IV. Conclusion

We affirm the district court's enforcement of the agreement and cost assessment.

**AFFIRMED.**