For the errors stated the judgment of the district court is                                   REVERSED.

---

## THE STATE V. HALL.

1.   **Appeal:** RECORD ONLY CONSIDERED.   Certain alleged remarks of a judge, of which defendant complains, cannot be considered by this court, since they are not made a part of the record by bill of exceptions.   The affidavit of defendant's counsel, attached to his motion for a new trial, cannot be considered.   (See *Rayburn v. Railway Co.*, 74 Iowa, 637.)

2.   **Larceny from the Person:** EVIDENCE : IDENTIFICATION : LEADING QUESTION.   The money having been stolen from the person of the prosecuting witness as alleged, *held* that the evidence (see opinion) was sufficient to identify defendant as the thief; and that, after the prosecuting witness had positively identified him as the criminal, it was not prejudicial error for counsel to point him out and ask the witness whether or not he was the man who committed the crime.

*Appeal   from   Polk   District   Court.*—HON. W. F. CONRAD, Judge.

FILED, FEBRUARY 14, 1890.

THE defendant was indicted, tried and convicted of the crime of larceny from the person, and he appeals.

*McHenry, McHenry & McHenry,* for appellant.

*John Y. Stone,* Attorney General, for the State.

ROTHROCK, C. J.—I. It is urged by counsel for appellant that the motion for a new trial should have

1. APPEAL: record only considered.

been sustained, upon the ground that, before the cause was called for trial, a judge of the district court, other than the one who presided at the trial, used certain language, while presiding as judge, in which a verdict of not guilty in another case was strongly censured; that said remarks were made in the presence and hearing of the regular panel of jurors, the most of whom were jurors in the trial of the case at bar. The remarks of the judge complained of are set forth in an affidavit of one of defendant's counsel, and attached to an amendment to the motion for a new trial. We cannot regard the affidavit as part of the record. The language alleged to be objectionable should be presented in a bill of exceptions (*Rayburn v. Railway Co.,* 74 Iowa, 637), and we may say, further, that the examination of the jurors, as to their qualifications to try this case, shows that they were not influenced, nor in any way prejudiced against the defendant, by the alleged remarks.

II. It is claimed by the state that while one F. M. Israel was attempting, with a crowd of other persons,

2. LARCENY from the person: evidence: identification: leading question.

to get on a car at Oak Park, near the city of Des Moines, the defendant crowded upon Israel from behind, put his arms about him, and put his hand in the pocket of his pantaloons, and stole therefrom a pocket-book or wallet containing seventy or eighty dollars. The contention of defendant is that the evidence was not sufficient to warrant a verdict of guilty. We have given the testimony of the witnesses a careful examination, and our conclusion is that we ought not to reverse the judgment on this ground. There is no dispute that Israel's pocket-book and money were stolen at the time

and place named, and Israel positively identified the defendant as the person who crowded upon him, and put his hand in the pocket where the money was. We quote the following from his testimony : " Now, I will ask you who it was that had his hands around here, as you say, if you know. *Answer*. It was this gentleman, Fred. Hall. I did not know him at the time. Where was your money at that time? *A*. In my left-hand pants pocket. You say you felt somebody's hand in your pocket? *A*. Yes, sir. At this time, where was this man's head? *A*. He was right against my shoulders. He was right against me, hugging me. Were there any other parties there at the time? *A*. Yes, sir. * * * I will ask you when you afterwards saw this defendant. *A*. I saw him in perhaps an hour afterwards. Where? *A*. I saw him at police headquarters. Look at this defendant, and state whether or not he is the man who had his hand in your pocket. (Objected to as leading, and pointing out the man for the witness. Objection overruled. Defendant excepts.) *A*. Yes, sir. I would say that was the very identical man that had his hand in my pocket. What man do you mean? *A*. Fred. Hall."

That this evidence is sufficient to sustain the conviction there can be no question, and the witness is to some extent corroborated by the testimony of two of his children, who were with him at the time. The objection to the question in which the defendant was pointed out to the witness is not well taken. It will be seen that the witness had before that said that "it was this gen-tleman, Fred. Hall." We do not determine whether the question was improper, if the witness had not already designated the defendant as the criminal. Israel stated in his testimony that he was relieved of his money at about six o'clock in the evening. Another witness stated that he saw Israel get on the cars, and that it was "probably about six o'clock." There is no evidence by which the exact time can be determined. There is evidence in the record on the part of the defense which tends to show that the defendant left Oak Park and

came to the city on a train before six o' clock; and then, again, there is evidence from which it may fairly be claimed that he did not leave Oak Park until after that time. All of this evidence was proper to be considered by the jury. But it was not of that positive character, with reference to the time that the crime was committed, as required the jury to find that the defendant was not at the place at the time the money was stolen. The crime was committed on Sunday, and there was a camp-meeting at Oak Park at the time. There was a large number of people on the grounds, and the cars running to and from the meetings were crowded. The evidence shows that it takes about an hour for a train to make the round trip. But there is no evidence that the trains were run on any schedule time. When it was attempted to run these Sunday trains at intervals of twenty minutes, they got "mixed up" and out of time. Counsel for defendant assume that the money was stolen at six o'clock. The jury were not required, under the evidence, to find that the precise time was six o'clock. About all that can fairly be said· is that it was in the evening, when many of the people on the grounds were returning to their homes in the city. It may have been a half hour before or after six o'clock.

In conclusion, we have to say that the fact to be determined by the jury was whether the defendant was the man who stole Israel's money, and not whether it was stolen at exactly six o'clock; and, in our opinion, the jury were fully warranted in finding the defendant guilty. In view of the positive identification of the defendant, it was for the jury to determine, from all the evidence, whether the identification, as testified to by Israel and his children, was true or not.

AFFIRMED.