# IN THE SUPREME COURT OF IOWA

No. 127 / 05-1832

Filed January 5, 2007

**IN RE THE MARRIAGE OF SCOTT L. RICKLEFS AND CHERYL A. RICKLEFS**

**Upon the Petition of**
**SCOTT L. RICKLEFS,**

Appellee,

And Concerning

**CHERYL A. RICKLEFS,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Pocahontas County, Joel E. Swanson, Judge.

Spouse appeals from a decree modifying the child support obligation of a previous decree. **DECISION OF COURT OF APPEALS VACATED IN PART AND AFFIRMED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

R. Thomas Price, Fort Dodge, and Mark McCormick, Des Moines, for appellant.

Dan T. McGrevey, Fort Dodge, for appellee.

**WIGGINS, Justice.**

In this appeal we address whether unreported remarks by a trial judge can be the basis for post-trial motions for recusal and for a new trial. Because there was no record concerning the remarks allegedly made by the trial judge, error was not preserved. Therefore, we vacate that part of the court of appeals decision affirming the district court ruling denying the motions for recusal and for new trial based on the unreported remarks. However, we affirm the district court rulings on these motions for the reason error was not preserved. Additionally, we affirm the decision of the court of appeals on all the other issues it decided. Accordingly, we affirm the judgment of the district court.

**I. Background Facts and Proceedings.**

Cheryl A. Ricklefs appeals from a decree of modification. The modification proceeding was initiated by Scott L. Ricklefs. Scott sought to modify the prior child support order, claiming under the Iowa child support guidelines Cheryl's obligation should be increased. Scott also requested attorney's fees. Cheryl resisted the increase proposed by Scott and the payment of Scott's attorney's fees. Cheryl requested Scott pay her attorney's fees.

A trial was held before district court Judge Joel E. Swanson. After considering the evidence, Judge Swanson modified the previous support order.

Cheryl then moved for recusal of Judge Swanson and for a new trial charging there had been significant irregularity in the proceeding and an abuse of judicial discretion by Judge Swanson. Cheryl alleged Judge Swanson acted improperly in pretrial discussions and that this impropriety

evidenced Judge Swanson's bias in favor of Scott. She charged Judge Swanson stated to the parties' attorneys, off-the-record, prior to trial:

a. We would regret going to trial because we would not like what he, the Judge, was going to do and we better settle.

b. That he had in his possession Cheryl's Pre-Trial Statement and informed the attorneys that he did not believe in the depreciation rules, didn't care what the appellate courts had said, that they were ridiculous and that he has his own rules as to how income should be determined.

c. That if we didn't like what he did, we could appeal, if we wanted, but he didn't care, and did not care what the Court of Appeals said.

In response to Cheryl's motion, Scott admitted the allegations that the judge made off-the-record remarks, but with clarification. Scott admitted the allegation in paragraph a, but affirmatively stated, "the court was simply informing the parties that if the case proceeds to trial, one party will win and one party will lose. The parties, therefore, would be happier if they reached an accord." He also admitted the allegation in paragraph b, but stated,

the court was referring to the fact that depreciation on a farmer's income tax return is difficult to determine, especially when considering depreciation. The court informed the parties that it would closely look at the depreciation schedule and apply his experience as a tax preparer in determining what the correct depreciation was.

Scott further admitted the allegations in paragraph c, but stated, "the court was simply pointing out that if any party disagreed with the court's determination relating to depreciation, they had the right to appeal."

Cheryl argued because of this irregularity and abuse of judicial discretion, Judge Swanson wrongly increased her child support obligation by improperly using depreciated values to calculate Scott's income and

improperly averaging Scott's income over four years, while taking Cheryl's income at her current wage level, even though she was unemployed earlier in the year. Cheryl also alleged, even though she had made a request in her pretrial statement, Judge Swanson refused to address the issue of medical support because of his lack of impartiality. Finally, Cheryl asserted Judge Swanson's attorney's fees award to Scott was unfair.

In ruling on the motion for recusal, Judge Swanson stated "[t]he contents of the motion for new trial concerning the off the record discussion with the court and counsel is self-serving, inaccurate, inflammatory, and inappropriate." He denied the motion for recusal, finding the request "has no merit, is unsubstantiated and inaccurate. . . . [and that] Cheryl . . . was given a fair, impartial, unbiased legal decision." Judge Swanson also stated Cheryl's allegation that the court's decision was punitive and gender-biased "is not substantiated by any proof."

Judge Swanson denied Cheryl's motion for new trial. First, Judge Swanson pointed out a child support modification "is almost a pure mathematical computation, . . . [t]he only 'discretionary issue' is the calculation of Scott['s] net monthly income considering the use of straight line and accelerated depreciation in his farming operation (Schedule F) and the averaging of his income." Second, Judge Swanson found the issue of averaging only Scott's income and not Cheryl's was not cause for a new trial. The district court reasoned averaging Scott's income was a fair and valid method of calculation because "[Cheryl] did not provide any evidence or request for averaging her income" and Scott's income fluctuated and had amounts of reportable income, which were only one-time occurrences. Third, Judge Swanson addressed Cheryl's request for modification of medical payments, he stated "[n]o issue has ever been presented or pled to

the Court concerning a modification of obligations for either party providing health insurance coverage." Fourth, in regard to the award of attorney's fees to Scott, Judge Swanson found his award was reasonable, given Cheryl herself admitted her child support obligation needed to be modified. Judge Swanson stated he did not intend his attorney's fees award as a "punishment," but rather it was a matter in his discretion to determine.

Cheryl appealed these rulings. We transferred the appeal to our court of appeals. The court of appeals found the district court did not err in denying Cheryl's motions for recusal or for a new trial. Further, the court of appeals found Judge Swanson's calculations, averaging Scott's income and using straight-line depreciation, "were proper given the nature of Scott's occupation." The court of appeals also found Cheryl had not preserved error concerning the issue of modification of her medical insurance obligation because she did not file any pleading or counterclaim raising this issue. Finally, the court of appeals found there was no abuse of discretion when the district court awarded attorney's fees to Scott, but declined to extend an award to Scott for his appellate attorney's fees.

Cheryl petitioned for further review, which we granted.

## II. Issue on Further Review.

When a party requests a further review of a court of appeals decision, we have the discretion to review any issue raised on appeal regardless of whether such issue is expressly asserted in an application for further review. *See State v. Doggett,* 687 N.W.2d 97, 99 (Iowa 2004) (explaining where a party seeks further review "we retain the discretion to consider all issues raised in the initial appeal"). In the exercise of our discretion, we decide to address only Cheryl's claim regarding the motions for recusal and for a new trial based upon the off-the-record remarks made by Judge

Swanson, and let the court of appeals decision stand as the final decision on all other issues raised by Cheryl.

### III. Analysis.

Cheryl alleges before trial began, Judge Swanson called both parties' attorneys into his chambers and made the statements previously set out in this opinion. Cheryl argues these statements demonstrate the district court's lack of impartiality, and coupled with its ultimate decision, acts as proof of the district court's abuse of discretion in handing down a decision that is not supported by the evidence, gender-biased, and punitive in nature. Therefore, she claims Judge Swanson abused his discretion when he did not recuse himself. She also contends this abuse of discretion coupled with the district court decision should be grounds for a new trial.

"A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases." *In re Murchison,* 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942, 946 (1955). Parties have a right to a neutral and detached judicial officer. *State v. Mann,* 512 N.W.2d 528, 532 (Iowa 1994). When a judge has demonstrated a blatant lack of regard for the law, other courts have found the judge abused his discretion in not recusing himself. *See Allen v. Rutledge,* 139 S.W.3d 491, 498-99 (Ark. 2003) (holding when coupled with the overall biased tone of the judge and his remark " 'I can do anything I want. I'm the Judge.' " created an abuse of discretion in declining to recuse).

Although the judge's alleged pretrial statements raise the issue of recusal, the lack of a record regarding these statements precludes us and should have precluded the court of appeals from deciding this issue. The appellant has the duty to "provide a record on appeal affirmatively

disclosing the alleged error relied upon." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). We have long held in cases where a party claims a judge made a remark requiring us to rule on the propriety of the remark, the remark should be contained in the record. *See State v. Hall*, 79 Iowa 674, 675, 44 N.W. 914, 914 (1890) (holding objectionable remarks of the trial court will not be considered on appeal unless they are contained in a bill of exceptions); *see also Ray v. Paul*, 563 N.W.2d 635, 640 (Iowa Ct. App. 1997) (limiting the court's discussion of the judge's remarks only to those contained in the bill of exceptions).

This record illustrates the reason for our rule. Cheryl sets forth the remarks allegedly made by Judge Swanson in her motion for new trial. Although Scott admits Judge Swanson made some off-the-record remarks, he placed a different meaning on the remarks in his resistance. To even further confuse the record, Judge Swanson stated in his ruling "[t]he contents of the motion for new trial concerning the off the record discussion with the court and counsel is self-serving, inaccurate, inflammatory, and inappropriate." Under this record, we cannot ascertain what Judge Swanson really said during the pretrial discussion. Accordingly, we will not speculate as to what took place or predicate error on such speculation. Consequently, we vacate that part of the court of appeals decision affirming the district court ruling denying Cheryl's motions for recusal and for a new trial based on the unreported remarks allegedly made by Judge Swanson. We, however, do affirm the district court ruling on these motions because Cheryl failed to preserve any error concerning these remarks.

To avoid this situation in the future, the court and the lawyers are best advised to have all conversations reported when those conversations turn to the merits of the controversy. *See* Iowa R. Civ. P. 1.903 (requiring

all trial proceedings to be reported). By doing so, the record will contain the remarks made by the court and any objections made to those remarks by the parties. If a party wants to appeal unreported remarks, that party needs to establish the record, including any objections made, through a bill of exceptions under Iowa Rule of Civil Procedure 1.1001 or a statement of evidence under Iowa Rule of Appellate Procedure 6.10(3).

## IV. Disposition.

Because Cheryl did not make a record to preserve error concerning the remarks allegedly made by Judge Swanson, we vacate that part of the court of appeals decision affirming the district court ruling denying Cheryl's motions for recusal and for a new trial based on those unreported remarks. Additionally, we affirm the district court rulings on these motions because Cheryl did not preserve error. We otherwise affirm the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED IN PART AND AFFIRMED IN PART; DISTRICT COURT JUDGMENT AFFIRMED.**

All justices concur except Streit, Hecht, and Appel, JJ., who take no part.