# IN THE COURT OF APPEALS OF IOWA

No. 23-0232
Filed July 3, 2024

**ELMER P. SCHECKEL,**
        Plaintiff-Appellant,

**vs.**

**CITY OF OELWEIN and FAYETTE COUNTY TREASURER,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.


        A property owner appeals the district court's grant of summary judgment

dismissing his suit to void a tax deed to real estate he had owned.  **AFFIRMED.**


        Elmer Scheckel, Oelwein, self-represented appellant.

        Dustin T. Zeschke of Swisher & Cohrt, PLC, Waterloo, for appellee City of

Oelwein.

        Carlton G. Salmons of Duncan Green, P.C., Des Moines, for appellee

Fayette County Treasurer.


        Considered by Schumacher, P.J., Langholz, J., and Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**LANGHOLZ, Judge.**

Elmer Scheckel appeals the dismissal of his suit to set aside a tax deed to real estate he had owned. He argues that the district judge should have recused himself. But Scheckel did not ask the judge to recuse himself until after the district court dismissed his suit. That was too late to raise the recusal issue. When a party is aware of an issue, such as a judge's potential need to recuse, the party must bring it to the court's attention before the court rules, rather than waiting to see if the court rules in the party's favor before raising it. Because Scheckel did not raise the recusal issue to the district court until after the court ruled and dismissed his suit, the issue is not preserved for our review. And so, we cannot consider the merits of his argument.

Scheckel also argues the district court lacked jurisdiction. It seems that he bases this argument on his same contention that the court needed to recuse. But recusal is not a jurisdictional question. And to the extent that Scheckel intends to assert a broader jurisdictional argument, we disagree. The district court had jurisdiction over Scheckel's suit.

Because Scheckel makes no other arguments challenging the district court's ruling, we thus affirm the grant of summary judgment dismissing his suit.

## I.  Background Facts and Proceedings

This case involves a piece of real estate in Oelwein. Elmer Scheckel lived in a residence on the property. The property was owned by a trust, Hilltop Farm.

After the Fayette County Treasurer did not receive the property taxes due on the property in November 2020 and March 2021, it was eventually sold to the City of Oelwein at a tax sale in June 2021. And when the period for redemption

passed, the City received a tax deed for the property in February 2022. Shortly after, Scheckel was informed he would need to stop living on the property.

Scheckel[1] sued the Treasurer and the City in April 2022 seeking to invalidate the tax deed and requesting other related relief. He alleged that neither he nor anyone else with an interest in the property received notice of the delinquent taxes or the right to redeem. And he claimed that this violated Iowa statutes and the due-process clauses of the state and federal constitutions.

The Treasurer and the City each moved for summary judgment. They presented evidence of their compliance with the statutory requirements for the tax sale and tax deed, culminating in the City filing its "Affidavit by Tax-Title Holder" in March 2022. *See* Iowa Code § 448.15 (2022). And they showed that neither Scheckel nor anyone else filed a claim with the Fayette County Recorder asserting an adverse claim to the property within 120 days of the filing of that affidavit. *See id.* § 448.16(1). So they argued that his challenge to the tax deed failed as a matter of law because they complied with all statutory requirements, actual receipt of the notices by Scheckel was irrelevant, and the suit was time-barred.

Scheckel only filed a resistance to the Treasurer's motion for summary judgment, arguing that the evidence presented did not show "that they have followed the law." Scheckel presented no evidence in response to either motion "set[ting] forth specific facts showing that there is a genuine issue for trial." Iowa R. Civ. P. 1.981(5). But the day of the summary-judgment hearing, Scheckel filed

---

[1] Some district court filings also name other plaintiffs: Hilltop Farm and Joe Scheckel. But only Elmer Scheckel appeals. And the suit does not distinguish between the claims of any party. So we refer only to Elmer Scheckel here.

a one-page, handwritten affidavit that highlighted the presumptions given to Iowa statutes under Iowa Code section 4.4 and noted six objections, including lack of jurisdiction, lack of foundation, hearsay, and lack of corroboration.

In January 2023, the district court granted summary judgment for the City and the Treasurer and dismissed the suit. The court held that the suit was time-barred under Iowa Code section 448.16 because Scheckel did not file a claim with the Fayette County Recorder asserting an adverse interest in the property within 120 days of the filing of the City's affidavit by tax-title holder. *See* Iowa Code § 448.16(2). The court also held that even if the suit were not barred, Scheckel had failed to present any evidence in resistance to the summary judgment motions showing that there was any dispute of material fact on any potential grounds for setting aside the tax deed under Iowa Code section 448.6(4). The court summed up, "All proper notices were sent and filed and all statutory requirements were met." And so, the court reasoned that Scheckel's suit "fails as a matter of law."

Nine days after the summary judgment ruling, Scheckel moved to vacate it. He argued that the district judge that issued the ruling was biased because Scheckel had made a complaint more than a year before to the Fayette County Sheriff that the judge—and three other judges, a prosecutor, his defense attorney, and three department of revenue employees—were all committing crimes in connection with a criminal proceeding against Scheckel and because the judge ruled against Scheckel in that prosecution. *See generally State v. Scheckel*, No. 18-2203, 2020 WL 1542313 (Iowa Ct. App. Apr. 1, 2020) (affirming the conviction resulting from that prosecution). Scheckel thus requested that the court vacate its

summary-judgment ruling and set the motions to be heard again in front of a different judge.

The next day, the district court denied the motion, explaining "Plaintiff's motion is without merit." And a few days later, Scheckel filed this timely appeal.

## II. Motion to Dismiss Appeal

After Scheckel filed his appellate brief, the City moved to dismiss this appeal, arguing that he "has not filed an appeal of any final judgement in this case," and that he could only raise the recusal issue with this court by petitioning for writ of certiorari. The supreme court ordered that the motion be submitted with the merits of the appeal. So we must first address whether Scheckel's appeal should be dismissed under Iowa Rule of Appellate Procedure 6.1006 for lack of appellate jurisdiction. *See* Iowa R. App. P. 6.1006(1)(a)(1) (authorizing motion to dismiss "based upon . . . an allegation that the appropriate appellate court lacks jurisdiction or authority to address the case").

Scheckel properly appealed a final judgment. The district court ruling granting summary judgment to the City and the Treasurer and dismissing the case was a final judgment. Scheckel filed a notice of appeal fifteen days later, which was within thirty days as required by Iowa Rule of Appellate Procedure 6.101(1)(b). We thus have appellate jurisdiction to review the summary judgment ruling and all other orders in the case, including the order denying Scheckel's motion to vacate, which was also issued before Scheckel filed his notice of appeal depriving the court of further jurisdiction over the case. And ultimately, Scheckel's main argument on appeal is a challenge to that final judgment—that the district court should not have issued the summary-judgment ruling because the judge needed to recuse.

True, as the City points out, a party could try to get discretionary review of a decision not to recuse without waiting for a final judgment by petitioning for writ of certiorari. *See* Iowa R. App. P. 6.107(1)(a). But that does not mean that certiorari is the only means of review for recusal decisions or that we are somehow deprived of jurisdiction to review an order addressing recusal that is properly appealed as a part of a final judgment. *Cf.* Iowa R. App. P. 6.103(4) ("If no appeal was taken from an interlocutory ruling or order . . . the appellant may challenge such order . . . on appeal of the final order or judgment.").

Of course, that we have jurisdiction over this appeal does not also mean that Scheckel properly preserved error on the recusal issue. That is a different question—which we must next address—unrelated to the filing of a notice of appeal or appellate jurisdiction. *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 48 (2007) ("The notice of appeal has nothing to do with error preservation."). We thus deny the City's motion to dismiss this appeal.

### III. Error Preservation: Recusal of the District Judge

Before we can consider a claim of error on appeal—such as Scheckel's claim that the district judge should have recused—a party must first preserve the error by properly raising it in the district court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *see also In re Marriage of Ricklefs*, 726 N.W.2d 359, 362–63 (Iowa 2007) (refusing to address merits of recusal issue when error was not properly preserved). This allows the district court an opportunity to fix the error itself "at a time when corrective action can be taken." *In re Marriage of Heiar*, 954 N.W.2d 464, 470 (Iowa Ct. App. 2020) (cleaned up). And it prevents

"sandbagging—that is, it does not allow a party to choose to remain silent in the trial court in the face of error, take a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable." *State v. Crawford*, 972 N.W.2d 189, 199 (Iowa 2022) (cleaned up).

To properly raise a claim that a judge should recuse, a party must move for recusal *before* the court rules on the merits of the case when the party knew the alleged grounds for recusal before that ruling. Waiting until after an adverse ruling waives the issue and does not preserve error for appellate review. *See Citizens First Nat'l Bank v. Hoyt*, 297 N.W.2d 329, 333–34 (Iowa 1980) (holding that recusal issue was waived when parties were aware of potential basis for recusal and "proceed[ed] without objection" until after the decision); *State v. Mann*, 512 N.W.2d 528, 536 (Iowa 1994) (holding that recusal issue was "waived" when party "did not raise the issue immediately, but rather waited until the judge's adverse decision in the postconviction case to raise it"); *State v. Kelsen*, No. 13-0652, 2014 WL 69825, at *1 (Iowa Ct. App. Jan. 9, 2014) (holding that waiting until after sentencing to raise recusal request did not preserve error for appellate review).

Scheckel did not raise the recusal issue with the district court before its ruling on the summary judgment motions. He filed no recusal motion—or other otherwise raised the issue—before the ruling. He did not bring the issue to the court's attention during his argument at the summary-judgment hearing. Indeed, he raised the issue only after the court had already ruled against him. Yet he based his argument for recusal on facts that Scheckel had known for more than a year before the ruling. By waiting until after the ruling to raise the recusal issue, Scheckel waived it. And any error is not preserved for our review. We thus cannot

consider the merits of his recusal argument and affirm the district court on this claim of error.

## IV.    The District Court's Jurisdiction

Scheckel focused his appellate brief on the recusal argument.  But he also appears to assert a second issue that the district court lacked jurisdiction.  It seems that he bases this argument on a theory the district judge's failure to recuse deprives the court of jurisdiction.  But recusal is not a matter of jurisdiction so the failure to recuse could not deprive the district court of jurisdiction.

We cannot discern any other independent argument from Scheckel's briefing that the court lacked jurisdiction.  And on most issues, we would not consider arguments not made or supported by legal authority.  But since we have an obligation to "examine the grounds for subject matter jurisdiction" regardless of the arguments of the parties, we do so here.  *In re J.M.*, 832 N.W.2d 713, 719 (Iowa Ct. App. 2013).

Scheckel filed this suit seeking to invalidate the tax deed in equity.  The Iowa Constitution vests the district court with jurisdiction over equitable proceedings.  *See* Iowa Const. art. V, § 6 ("The district court shall be a court of law and equity, which shall be distinct and separate jurisdictions, and have jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law.").  With exceptions not relevant here, the Iowa Code likewise gives the district court "exclusive, general, and original jurisdiction of all [civil] actions, proceedings, and remedies."  Iowa Code § 602.6101.  The district court thus had jurisdiction over Scheckel's suit in equity.

**AFFIRMED.**