# IN THE COURT OF APPEALS OF IOWA

No. 24-1015
Filed August 6, 2025

IN RE THE MARRIAGE OF JOHNATHON SPRAGUE
AND LANORA SPRAGUE

Upon the Petition of
JOHNATHON SPRAGUE,
      Petitioner-Appellant,

And Concerning
LANORA SPRAGUE,
      Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, John Telleen, Judge.

A father appeals the district court's order requiring him to sign a settlement agreement in this dissolution-of-marriage modification action. **REVERSED AND REMANDED.**

Peter G. Gierut of Gallagher, Millage & Gallagher, P.L.C., Bettendorf, for appellant.

Jennie L. Clausen of H.J. Dane Law Office, Davenport, for appellee.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ. Telleen, S.J., takes no part.

**AHLERS, Presiding Judge.**

The marriage of Johnathon (John) and Lanora Sprague was dissolved in June 2017. The parties were granted joint legal custody and joint physical care of their minor children.

Lanora later filed a petition to modify the parties' legal-custody and physical-care arrangement. On the day of trial of the modification action, the parties believed they reached a verbal settlement agreement.[1] However, the agreement was not reduced to writing or read into the record. The parties intended to reduce the agreement to writing on a later date.

Unfortunately, reaching agreement on the details of the settlement proved elusive. While the parties agreed on the primary terms, they disagreed over details on a number of issues, including transportation to school and the children's participation in extracurricular activities. John maintains that these issues were discussed between and agreed to by the parties during their settlement conference on the morning of trial. Lanora asserts that the details about transportation and participation in extracurricular activities that John maintains were agreed to were either not discussed or not agreed to when the parties agreed they had reached a settlement. Lanora contends John has added these details after the fact due to buyer's remorse.

After the parties exchanged drafts of a proposed settlement agreement and

---

[1] Part of the agreement was that they could not reach a consensus on where the children should attend school, so they agreed to submit that issue to the district court as a contested matter that day. They did so, and the district court issued a ruling deciding where the children would attend school. Neither party disputes that ruling, so it is not an issue on appeal.

were unable to reach a final consensus on the details, Lanora filed a motion to enforce the settlement, and John resisted the motion. The motion was set for hearing before the same district court judge who was scheduled to preside at the modification trial and who was present when the parties informed the court that a settlement agreement had been reached the day of trial.

The court heard arguments on the motion and John's resistance. The hearing was not reported. Following the hearing, the court ordered both parties to sign and execute the written agreement drafted by Lanora—excluding John's proposed additions—finding that it reflected the terms to which the parties agreed on the day of trial. John appeals. Lanora stands by the district court's order and requests us to order John to pay her appellate attorney fees.

Courts generally have authority to enforce settlement agreements made in a pending case. *Wende v. Orv Rocker Ford Lincoln Mercury, Inc.*, 530 N.W.2d 92, 95 (Iowa Ct. App. 1995). We review challenges to the enforcement of a settlement agreement for correction of errors at law. *Est. of Cox v. Dunakey & Klatt, P.C.*, 893 N.W.2d 295, 302 (Iowa 2017).

A court's authority to enforce a settlement agreement in a pending case is exercised in two ways. *Wende*, 530 N.W.2d at 94. If material facts are not disputed, the court can enforce the agreement by applying summary judgment standards. *Id.* If the material facts are disputed, the issue must be resolved by the fact finder by the parties presenting evidence as an additional claim in the original action in a separate hearing. *Id.*[2]

---

[2] As we noted in *Wende*, "[u]nder either method, the issue is most appropriately raised by first amending the pleadings to assert settlement as a claim in the

4

Here, we are dealing with the first way. Lanora's motion asking the court to enforce the claimed settlement agreement alleged "[t]here is no dispute that the terms set forth in the [stipulation attached to the motion]" were "the terms that were agreed upon by the parties." John's resistance disputed Lanora's assertion that the terms set forth in the stipulation attached to her motion were agreed to and asserted that the agreement that was reached included different terms—those asserted in his resistance. After an unreported hearing, the district court granted Lanora's motion with an order stating that the court "has reviewed the Motion to Enforce Settlement and the Resistance and has considered the arguments of counsel." The order also referenced the court's recollection of events at the earlier settlement conference before concluding the parties "reached a settlement" and the stipulation attached to Lanora's motion "is an accurate recitation of the parties' settlement agreement."

Both the parties' filings with the district court and the court's resolution of Lanora's motion are consistent with the procedures "applicable to motions for summary judgment." *See id.* (applying summary judgment standards when material facts are not in dispute). Similarly, the parties' positions on appeal are consistent with summary judgment standards, as John contends the district court erred in finding there was no material fact at issue, whereas Lanora argues the

lawsuit." 530 N.W.2d at 94 n.1. "The issue may then be resolved by motion for summary judgment or at trial. Our rules of procedure do not provide for a motion to enforce a settlement agreement." *Id.* Neither party, however, has argued that the issue could not be reached through Lanora's motion. *See Wright v. Scott*, 410 N.W.2d 247, 248–49 (Iowa 1987) (declining to consider whether presenting the settlement enforcement issue to the district court through a motion was the correct procedure when neither party challenged addressing the issue by motion).

district court properly found there was no dispute over material facts. As such, we apply summary judgment standards.[3] *See id.* In doing so, because the hearing on Lanora's motion was not reported and neither party filed a motion pursuant to Iowa Rule of Appellate Procedure 6.806 to complete the record, we do not speculate about what took place at that hearing, and, to the extent either party asks us to so speculate, we decline to do so. *See In re Est. of Thacker*, No. 23-1828, 2025 WL 548035, at *1 (Iowa Ct. App. Feb. 19, 2025) (ruling on the merits

---

[3] As previously noted, both Lanora's motion and John's resistance framed the issue as asking the court to resolve the question of whether there was a factual dispute as to whether a settlement agreement had been reached and the terms of any such agreement. We view this as framing the issue as one of summary judgment, which distinguishes this case from our cases that find the parties submitted the motion to enforce a settlement agreement to the court as a fact finder. In *Wende*, our court noted that the party defending against a motion to enforce a settlement agreement filed a resistance that failed to argue that a factual dispute precluded the district court from enforcing the settlement agreement. 530 N.W.2d at 95. Because of that failure along with acquiescing in submitting the issue to the district court as a fact finder, the resisting party failed to preserve error on a later claim that the court acted improperly in resolving the motion as a fact finder. *Id.* Similarly, in *Recio v. Fridley*, a panel of our court noted that "the procedural posture [of the case] is remarkably similar to that in *Wende*," and reached the same conclusion that a party's failure to argue in its resistance to the motion to enforce a settlement agreement that a factual dispute precluded the court from resolving the motion, coupled with acquiescing in submitting the dispute to the district court as a fact finder, resulted in a failure to preserve error on a claim that factual disputes precluded the district court from ruling without a trial. No. 23-0990, 2025 WL 855284, at *4–5 (Iowa Ct. App. Mar. 19, 2025). *Wende* and *Recio* are distinguishable because Lanora's motion alleged a lack of factual dispute, and John's resistance asserted a factual dispute. So, from the start, unlike in *Wende* and *Recio*, the issue was framed as one of summary judgment. And nothing about the way the issue progressed to hearing suggests the parties or the district court were treating the motion as anything but a motion for summary judgment, as evidenced by the lack of reporting of the hearing and the record's lack of reference to any evidence being taken at the hearing. Likewise, on appeal, the parties frame the issue as one of whether material factual disputes precluded enforcement of a claimed settlement agreement on the terms asserted by Lanora. Considering all these procedural details, we treat the district court's ruling as one of summary judgment.

of an appeal of a summary judgment ruling while declining to consider events alleged to have occurred at an unreported hearing when no rule 6.806 motion was filed asking to recreate the record of the hearing).

Turning to summary judgment standards, Lanora, as the moving party, had the burden to demonstrate that there is no material factual dispute and she is entitled to judgment as a matter of law. *See Wermerskirchen v. Canadian Nat'l R.R.*, 955 N.W.2d 822, 827 (Iowa 2021); *see also In re Marriage of Treimer*, No. 07-1746, 2008 WL 2039602, at *3 (Iowa Ct. App. May 14, 2008) (holding that the party seeking to establish and enforce a claimed settlement agreement "bears the burden of proving a binding oral agreement was made"). In other words, she must prove that the parties reached a settlement agreement on the terms set forth in the stipulation attached to her motion. This she did not do. The same record relied on by the district court—specifically Lanora's motion, John's resistance, and the arguments of the parties—makes it clear there is a genuine dispute over material facts. Just to name a few, there is a dispute over (1) whether the parties agreed to the terms as alleged by Lanora, (2) whether the parties agreed to the terms as alleged by John, (3) whether the parties agreed on the same terms at all, and (4) whether the district court overseeing the settlement conference was privy to all or only part of the discussions identifying the terms of any alleged settlement agreement.

As Lanora failed to establish the lack of a genuine issue of material fact, the district court erred in granting her motion to enforce a settlement agreement. We reverse the order finding a settlement agreement and requiring John to sign the stipulation as proposed by Lanora. We remand for an ancillary trial on the issue

of whether a settlement agreement was reached and, if so, the terms of such agreement. If no agreement is found, the modification action shall proceed.

As to Lanora's request for appellate attorney fees, the request is denied. Iowa Code section 598.36 (2022) permits the prevailing party in a modification action to recover attorney fees. As Lanora is not the prevailing party on appeal, she is not entitled to appellate attorney fees.

**REVERSED AND REMANDED.**

Badding, J., concurs; Buller, J, dissents.

**BULLER, Judge** (dissenting).

As the majority opinion discloses, the district court enforced a settlement agreement after an unreported hearing. But the majority opinion walks past the fact that we have no idea what happened at the hearing. We don't know what if any evidence or testimony was offered. We don't know what oral arguments the parties made or agreements they may have reached. And we don't know what facts the district court found—though we are left with a note in the court's ruling that it had personal recall of the original settlement negotiations because it was the assigned judge for that matter. For all we know, the court heard testimony from witnesses, relied on its own personal observations, and made credibility findings on the record crucial to its ruling. Or the parties merely stood on their resistances and the ruling got the facts wrong. We'll never know for certain on this record.

Under fundamental principles of appellate practice and controlling case law, the appellant bears the burden of supplying a record on appeal, and the failure to produce that record is fatal to an appellant's claims—requiring affirmance in favor of an appellee. I dissent because the majority opinion turns these principles on their head, concluding in opposition to supreme court precedent that the lack of record permits reversal in favor of the appellant. I cannot join this unauthorized departure from existing law.

**The Appellant Had a Duty to Provide a Record.** It's black-letter law that "[i]t is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). The rules of appellate procedure mandate that appellants ensure inclusion of transcripts to furnish a record of any reported hearings when asserting "that a

finding or conclusion is unsupported by the evidence or is contrary to the evidence." Iowa R. App. P. 6.803(1). For unreported hearings, the rules create a mechanism by which the parties may submit statements and settle the evidence before the district court. *See* Iowa R. App. P. 6.806. Although there is no mechanism to force a party to utilize the rule, "an appellant will not be entitled to a new trial or any other relief on appeal unless the appellant attempts to comply with the rule" to create a record of what happened at an unreported hearing. *See In re T.V.*, 563 N.W.2d 612, 614 (Iowa 1997) (applying the predecessor to rule 6.806). Here, there is no dispute the hearing was unreported, and the appellant has made no effort to create a record of the hearing using rule 6.806. In other words, it's undisputed the appellant failed in his duty to provide a record on appeal.

**When the Appellant Fails to Provide a Record, Controlling Case Law Requires Us to Affirm.** When the appellant fails to supply a record disclosing error, the supreme court requires us to affirm—not reverse. *F.W.S.*, 698 N.W.2d at 136;[4] *see also Weakley v. Yetmar*, No. 20-0274, 2021 WL 210751, at *1 (Iowa Ct. App. Jan. 21, 2021) (noting the lack of a record deprives us of a "full picture" of the evidence and leaves us with "no choice but to affirm"). This approach is not only practically sound, it serves as a restraint on judicial power: "it is improvident for us to exercise appellate review" without a record of what happened below, and

---

[4] I don't think there's any ambiguity that the only disposition permitted under *F.W.S.* is to affirm. But to the extent someone might claim confusion, the supreme court has been consistent and clear—including in another case decided the same day as *F.W.S.*—that affirmance is the only option available. *See Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 4 (Iowa 2005); *see also Estes v. Progressive Classic Ins.*, 809 N.W.2d 111, 115–16 (Iowa 2012) ("Failure to provide a record requires us to affirm the district court's judgment.").

forging ahead without a record invites making bad law. *F.W.S.*, 698 N.W.2d at 135–36 (citing *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002)). As an appellate tribunal, we "may not speculate as to what took place or predicate error on such speculation." *Id.* at 135. And "[t]he district court's recitation of . . . matters in its ruling is not a substitute for the required appellate record." *Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 827 (Iowa 2007). We should be following controlling precedent here instead of coloring outside the lines.

**Our Unpublished Case Law Also Requires Us to Affirm—Not Reverse.** Looking beyond the supreme court's precedent, the majority opinion misunderstands our unpublished decision from *In re Estate of Thacker*, No. 23-1828, 2025 WL 548035, at *1 (Iowa Ct. App. Feb. 19, 2025). There, we applied *F.W.S.* to reject an appellant's claim about what happened at an unreported hearing, and we ultimately affirmed in favor of an appellee. *See id.* at *1–2. That's what the majority opinion should have done here. Instead, it did the opposite: ignoring *F.W.S.* to the benefit of the appellant and reversing to the detriment of the appellee. To the extent we are going to go looking for unpublished decisions, there is a better recent fit than *Thacker*. In *Double K Tiling, LLC v. Veach*, decided last year, we were asked to review a summary judgment ruling when it was clear the pleadings and ruling captured some—but not all—of what was discussed at a hearing for which we had no transcript or rule 6.806 statement. No. 22-1459, 2024 WL 259717, at *2 (Iowa Ct. App. Jan. 24, 2024). We unanimously applied *F.W.S.* and related cases to affirm. *Double K Tiling*, 2024 WL 259717, at *2.

Contrary to the majority's suggestion, our court has consistently applied *F.W.S.* to affirm, and our case law does not permit the lack of record or rule 6.806 statement to serve as a basis to reverse. *See, e.g.*, *Patino v. Sanchez*, No. 24-0506, 2024 WL 4370737, at *3 (Iowa Ct. App. Oct. 2, 2024); *In re C.J.*, No. 24-0244, 2024 WL 3518284, at *2 (Iowa Ct. App. July 24, 2024); *Miller v. Giese*, No. 23-1432, 2024 WL 3518280, at *2 (Iowa Ct. App. July 24, 2024); *Hill v. State*, No. 22-0653, 2023 WL 2397369, at *2 (Iowa Ct. App. Mar. 8, 2023); *Ruthers v. State*, No. 20-0771, 2021 WL 5106434, at *6 (Iowa Ct. App. Nov. 3, 2021); *Weakley*, 2021 WL 210751, at *1; *Johnson v. State*, No. 18-1765, 2020 WL 4814189, at *4 n.4 (Iowa Ct. App. Aug. 19, 2020); *State v. Ary*, No. 17-1301, 2018 WL 5839954, at *3–4 (Iowa Ct. App. Nov. 7, 2018).[5] The closest analogue to the majority opinion I could find is a case in which our court "accept[ed] as accurate" a party's description of an off-the-record interaction and still affirmed. *See In re Marriage of Ricklefs*, No. 05-1832, 2006 WL 1628099, at *2 (Iowa Ct. App. June 14, 2006), *aff'd in part and vacated in part*, 726 N.W.2d 359 (Iowa 2007). That decision prompted further review and admonishment by the supreme court that "the lack of a record regarding these statements precludes [the supreme court] and should have precluded the court of appeals from deciding this issue." *In re Marriage of Ricklefs*, 726 N.W.2d 359, 362 (Iowa 2007) (citing *F.W.S.*, 698 N.W.2d at 135)). There is no compelling or logical reason to not have the same outcome here.

---

[5] There are a lot more of these decisions, but these recent ones give a good sense of how we've consistently applied this rule across all types of cases.

If we look further back, there is at least one published decision of our court that also supports affirming based on lack of record. In *Wende v. Orv Rocker Ford Lincoln Mercury, Inc.*, 530 N.W.2d 92, 95 (Iowa Ct. App. 1995), we emphasized all the points that would ultimately comprise the core holding of *F.W.S.*:

1. The appellant "had the burden to provide an adequate record" under the rules;

2. "Without a full record of the proceedings before the trial court, we are unable to review the sufficiency of the evidence to support the trial court's findings";

3. Absent a full record, we are left to speculate regarding evidence "important . . . to the trial court in reaching its findings and conclusions"; and

4. "Consequently, we can only review the trial court's legal determinations and inquire into whether the trial court applied erroneous rules of law."

In *Wende*, there were no facts in dispute—only questions of law. 530 N.W.2d at 95. That's not true here. The appellant repeatedly argues fact issues in his brief: he disputes what the parties intended, which details were resolved or left unresolved during negotiations, whether the parties agreed to be bound before the agreement was reduced to writing, and whether the parties followed the alleged agreement. He goes on to dispute what happened at the hearing and make claims about whether the parties were heard, whether the settlement was read into the record, and the nature of the information available to the court at the hearing. He also disputes the district court's personal recollection of certain matters. And even the prayer of his appellate brief urges that "[t]he overwhelming *evidence* presented at the lower court shows the parties did not have a binding agreement or an enforceable contract." (Emphasis added.) These factual claims all relate directly to the unreported hearing for which the appellant has failed to furnish a record, and

the principles set forth in *Wende*—like in all the cases since then—require us to affirm rather than reverse.

**This Should Be a Straightforward Affirmance.**  In my view, there is not a lot of gray area here.  The appellant didn't furnish a record of the unreported hearing that led to a somewhat cryptic district court order, leaving us in the dark as to what happened below and the nature of the decision we are supposed to review on appeal.  *F.W.S.* and related cases (plus our legion of unpublished decisions applying the same) all compel us to reject the appellant's contentions and affirm.  *See* 698 N.W.2d at 135–36.

Appeals aren't supposed to be do-overs after you fail to make a record below.  Yet the majority opinion offers the appellant exactly that.  I dissent because the majority opinion decides this case backwards and reverses a district court ruling with inadequate record for us to conduct meaningful appellate review.