# IN THE COURT OF APPEALS OF IOWA

———————

No. 24-1272
Filed March 11, 2026

———————

**L.S.,**
Petitioner–Appellee,
v.
**A.A.,**
Respondent–Appellant.

———————

**A.A.**
Plaintiff–Appellant,
v.
**L.S.,**
Defendant–Appellee.

———————

Appeal from the Iowa District Court for Delaware County,
The Honorable Monica Zrinyi Ackley, Judge.

———————

**AFFIRMED**

———————

Carrie L. O'Connor of Iowa Legal Aid, Dubuque, attorney for appellant.

Matthew L. Noel of Noel Law Office, Dubuque, and Emily M. Mast (until withdrawal) of Balduchi Law Office, P.C., Des Moines, attorneys for appellee.

———————

Considered without oral argument
by Ahlers, P.J., and Chicchelly and Sandy, JJ.
Opinion by Ahlers, P.J.

1

**AHLERS, Presiding Judge.**

This is a combined appeal from two separate proceedings—one relating to a protective order and the other relating to establishment of custody, physical care, and support of the parties' child. Because we have no basis to grant the requested relief, we affirm.

## I.      Background Facts & Prior Proceedings

In May 2023, A.A. filed a petition for relief from sexual abuse under Iowa Code chapter 236A (2023). She alleged that L.S., with whom she had been cohabitating, had sexually abused her. Both consented to entry of a protective order naming A.A. as the protected party. That order provided for a visitation schedule for L.S. to see the parties' child and required exchanges of the child to take place at the local police station.

The next day, L.S. filed a petition to establish custody, visitation, and support of the child. Following a hearing on temporary matters, the district court entered an order requiring the parties to follow the visitation schedule already set out in the in the chapter 236A protective order.

A year later, A.A. sought a one-year extension of the protective order, which was granted. The child custody trial was scheduled to start two days later.

Prior to the start of trial, the court offered to mediate a settlement to avoid trial. The parties agreed, and the parties mediated for about three hours. The mediation itself was not reported, but once the parties reached an agreement, the court opened the record, placed the parties under oath, recited the terms of the agreement, and had the parties confirm their agreement to each term. The court informed the parties that it planned to prepare a decree based on the terms of the agreement agreed to on the record and would "let the attorneys see the language that [the court is] using, and they will let [the court]

know by e-mail if everything is okay." It explained, "[The court] just want[s] to make sure that you're both in agreement [on] the specifics." The court also informed the parties that it would modify the protective order in the chapter 236A proceeding to comport with the terms of the custody agreement. Neither party objected to the court's stated plan.

The court then issued the custodial degree in accordance with the terms agreed upon by the parties at the mediation as placed on the record. The court also filed an order modifying the terms of the protective order in the chapter 236A proceeding to match the terms of the custodial decree.

A.A. filed a motion for a nunc pro tunc order to correct a mistake in the decree having to do with which party owed child support. The district court granted the motion.

Then A.A. filed a "motion to reconsider under Iowa Rule of Civil Procedure 1.904(2) and to set aside stipulated decree." The basis for A.A.'s motion was that she claimed she was unaware that the judge would be required to recuse herself had the mediation been unsuccessful and the matter proceeded to trial. A.A. stated that had she known that information, she would not have agreed to the meditated terms and would have presumably elected to proceed to trial. She asked the court to set aside the custodial decree, reinstate the temporary visitation order, and reschedule the matter for trial. Along with the motion, she submitted an affidavit "outlin[ing] the events that transpired in mediation as germane to [the] motion." She filed the same affidavit and a nearly identical motion in the chapter 236A proceeding asking the court to set aside the modifications to the protective order and reinstate the prior terms of the order. The same judge who facilitated the mediation, entered the custodial decree, and entered the order modifying the terms of the protective order in the chapter 236A proceeding, considered A.A.'s motions and denied them.

3

A.A. appealed in both the custody proceeding and the chapter 236A proceeding. She filed a motion to consolidate the appeals, and the supreme court granted the motion.

After A.A. filed her brief, L.S. moved to strike the brief because it cited to and contained statements from A.A.'s affidavit, which L.S. argued was not properly part of the record. The supreme court ordered the issue of whether the affidavit may be considered to be submitted with the appeal. L.S. also filed a motion in the district court pursuant to Iowa Rule of Appellate Procedure 6.807 with respect to both proceedings. The motion pointed out A.A.'s efforts to use the affidavit attached to her post-decree motion, claimed the affidavit misstated what transpired off the record during the mediation, and asked the court to resolve the discrepancy. Following a hearing, the district court issued an order pursuant to rule 6.807 summarizing what occurred during the mediation discussions.

## II.    Discussion

We turn our attention to the issues before us. On appeal, A.A. argues that (1) her affidavits should be considered because they were the only means available to her to incorporate the mediation events into the record, (2) the district court judge should have recused herself from ruling on A.A.'s post-decree motions and L.S.'s rule 6.807 motion, (3) the district court should have considered her rule 1.904(2) motion to serve as a motion for new trial, and (4) the judge's conduct during mediation requires the decree be vacated and a new trial granted.

We begin with the question of whether we may properly consider the affidavits A.A. submitted with her post-decree filings. We agree with L.S. that we may not consider them. Our supreme court has already explained, "If a party wants to appeal unreported remarks, that party needs to establish the

record, including any objections made, through a bill of exceptions under Iowa Rule of Civil Procedure 1.1001 or a statement of evidence under Iowa Rule of Appellate Procedure [6.806[1]]." *In re Marriage of Ricklefs*, 726 N.W.2d 359, 363 (Iowa 2007); *see also State v. Hall*, 44 N.W. 914, 914 (Iowa 1890) ("The remarks of the judge complained of are set forth in an affidavit of one of defendant's counsel, and attached to an amendment to the motion for a new trial. We cannot regard the affidavit as part of the record. The language alleged to be objectionable should be presented in a bill of exceptions . . . ."). A.A. did not do either. And we reject A.A.'s contention that she should not be required to comply with this requirement because both options require approval from the district court judge and the judge in this instance would have refused. Without commenting whether we believe the judge would have signed a bill of exceptions or statement of the proceedings presented by A.A., we see no reason why A.A. was not required to at least attempt to comply with the process mandated by our supreme court. She is not permitted to circumvent the required process by submitting affidavits about what she purports occurred. Because A.A. failed to comply with the necessary process, her affidavits are not properly a part of the record, and we do not consider them.

With respect to A.A.'s claim that the district court judge should have recused herself from considering the post-decree motions, we cannot consider A.A.'s arguments for two reasons. First, A.A. did not preserve error because at no point did she seek the recusal of the district court judge. *See State v. Goodson*, No. 18-1737, 2020 WL 3571803, at *5 (Iowa Ct. App. July 1, 2020) (requiring a party "preserve his claims that the trial judge should have recused himself from

---

[1] The Iowa Rules of Appellate Procedure have been amended and renumbered since *Ricklefs*. Rule 6.10(3) in effect at the time *Ricklefs* was filed provided for a "[s]tatement of the evidence or proceedings when no report was made or when the transcript is unavailable." Its current comparator is rule 6.806, "Proceedings when the transcript is unavailable." While the two versions differ in structure, they are nearly identical.

the hearing on [the] motion for new trial"); *id.* at \*5 n.7 (rejecting the appellant's argument that error preservation is not required because the judge had a duty to recuse on the judge's own motion), *affirmed* 958 N.W.2d 791, 806 (Iowa 2021). Second, even if A.A. was not required to move for recusal in the district court to preserve error, error is still not preserved because A.A. failed to provide us with the necessary record to review her claims. *See Ricklefs*, 726 N.W.2d at 362–63. A.A.'s claims are predicated on what occurred during the mediation process and her statements in the affidavits that we cannot consider. When the record does not allow us to "ascertain what [the judge] really said during the pretrial discussion . . . we will not speculate as to what took place or predicate error on such speculation." *Id.* (refusing to consider the merits of challenges to the denial of a motion for recusal and new trial when the appellant failed to file a bill of exceptions or statement of evidence).[2]

As to A.A.'s remaining arguments that the district court should have considered her rule 1.904(2) motions to amount to motions for new trial as well and granted her a new trial, she cannot obtain relief. Assuming without deciding that the motions could be considered as motions for new trial, A.A. still could not prevail because a new trial is an available remedy when "an adverse verdict, decision, or report or some portion thereof [is] vacated." Iowa R. Civ. P. 1.1004. But there was no adverse verdict or decision to vacate in this instance because A.A. and L.S. stipulated to the terms of the decree following mediation. And her sworn agreement with the terms of the decree was memorialized in the transcript. Even if a new trial could be a potential remedy available to A.A., she cannot establish a basis for such relief under the record properly before us. *See* Iowa R. Civ. P. 1.1004(1)–(9) (stating the instances when a new trial is a proper remedy).

---

[2] The district court did provide a rule 6.807 order detailing what occurred during the mediation. But that order does not support A.A.'s recusal argument.

### III. Conclusion

After review of A.A.'s preserved claims, including any not explicitly discussed herein, we conclude that we cannot provide her with any relief and affirm the district court.

**AFFIRMED.**